FILED
S. DISTRICT
TRICT OF MA

2003 MAY -8  A 10: 26

AT BALTIMORE
_____DEPUTY

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

IN RE CREDITRUST CORPORATION
SECURITIES LITIGATION

This Document Relates To:
All Actions

MJG 00 CV 2174

**STIPULATED ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL**

Whereas, the parties have stipulated that certain discovery material be treated as confidential;

Accordingly, it is this 7th day of May, 2003, by the United States District Court for the District of Maryland, ORDERED:

1. **Designation of Discovery Materials as Confidential.** All documents produced in the course of discovery, all answers to interrogatories, all answers to requests for admission, all responses to requests for production of documents, all documents produced in response to subpoenas, all correspondence, all motions, all memoranda of law and briefs, all deposition or trial testimony, all deposition or trial exhibits, and all information derived from any such document shall be subject to this Order concerning confidential information, as set forth below:

(a) The designation of confidential information shall be made by placing or affixing on the every page of the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." One who provides material may designate it as confidential only when such person in good faith believes it contains sensitive personal information, trade secrets or other confidential research, development, or commercial information. Except for documents produced for inspection at the party's facilities, the designation of confidential information shall be made prior to, or contemporaneously

#340833

with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

   (b)   Third parties from whom discovery is sought by the parties to this Order may designate documents or information as CONFIDENTIAL consistent with the terms of this Order. All obligations applicable to parties receiving such documents or information shall apply to any party receiving documents or information from such third party.

   (c)   Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript. Any testimony which describes a document which has been designated as "CONFIDENTIAL," as described above, shall also be deemed to be designated as "CONFIDENTIAL."

   (d)   Information or documents designated as confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (e) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals). The parties shall not disclose information or documents designated as confidential to putative class members not named as plaintiffs in putative class litigation unless and until one or more classes has/have been certified.

   (e)   The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as CONFIDENTIAL under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i) Disclosure may be made to counsel and employees of counsel who are assisting in the preparation and trial of the lawsuit. Prior to such disclosure, the employee must be informed of and, by executing the Agreement attached as Exhibit A, agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

(ii) Disclosure may be made only to witnesses, deponents and employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

(iii) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.

(iv) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and, by executing the Agreement attached as Exhibit A, agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

(f) Except as provided in subparagraph (e) above, counsel for the parties shall keep all documents designated as confidential which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area

(g) The failure to adhere to the terms of the Order would result in presumptively irreparable injury and would merit immediate injunctive relief to stop the release of documents or information inconsistent with this Order.

(h) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear and be subject to the terms of this Order.

2.    **Inadvertent Production.** If a party inadvertently produces documents or information that it considers privileged or otherwise protected from disclosure, in whole or in part, or learns of the production of such material by a third party, the party asserting that an inadvertent production has occurred must give written notice to all other parties that the party claims the document or material, in whole or in part, is privileged or protected material; in addition, the notice must state the nature of the privilege or protection and the basis for asserting it. Upon receipt of such notice, any party who has received the produced document or material shall promptly return all copies to the party asserting inadvertent production. In the event that only part of a document is claimed to be privileged or protected, the party asserting inadvertent production shall furnish to the other parties who have received the document a redacted copy of such document, removing only the part(s) thereof claimed to be privileged or protected, together with such written notice. Such inadvertent production of any document or information (whether designated as CONFIDENTIAL or not) shall not be deemed to waive whatever attorney-client privilege, work product protection or other privilege or immunity that would otherwise attach to the document or information produced or to other documents or information, as long as the producing party or person notifies the other party or parties of the claim of privilege or other protection or immunity.

3.    **Confidentiality Declaration.** A copy of declarations signed pursuant to this Order shall be held by counsel of record for the party who discloses the Confidential Information.

4.    **Confidential Information Filed with Court.** To the extent that any materials subject to this Confidentiality Order (or any pleading, motion or memorandum referring to them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court in an envelope marked "SEALED PURSUANT TO ORDER OF COURT DATED _____," together with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion"). The Interim Sealing Motion shall be governed by L.R. 105.11. Even if the filing party

believes that the materials subject to the Confidentiality Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion, provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under paragraph 6 of this Confidentiality Order.

5. **Party Seeking Greater Protection Must Obtain Further Order.** No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph 1 of this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

6. **Challenging Designation of Confidentiality.** A designation of confidentiality may be challenged upon motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

7. **Subpoenas Seeking Confidential Information.** If any party or person that has obtained documents or information designated Confidential under the terms of this Order receives a subpoena or other legal process commanding the production of any such documents or information, such party or person shall promptly notify the party or person that designated the information or documents as Confidential of the service of such subpoena. The party or person receiving such subpoena shall not produce any Confidential Information without either the prior written consent of the party or person that designated the documents or information as Confidential or an order of a court of competent jurisdiction.

8. **Return of Confidential Material at Conclusion of Litigation.** At the conclusion of the litigation, all material treated as confidential under this Order and not received in evidence shall be returned to the originating party. If the parties so stipulate, the material may be destroyed instead of being returned. The Clerk of the Court shall return to counsel for the parties, or, at its option, destroy, any sealed material at the end of the litigation, including any appeals.

9. **Binding Upon Signature.** In order to expedite delivery of documents to the parties, counsel for the parties agree that they will be bound by the terms of this Order at the time they sign this order, without regard to any further action of the Court. After counsel for all parties have signed the order, Counsel for Plaintiffs also agree that they will cause this Stipulated Order to be filed with the Court as soon as reasonably possible thereafter.



_____/s/_____
UNITED STATES DISTRICT JUDGE
**MARVIN J. GARBIS**

AGREED:

_____/s/_____

Todd Collins
*(signed by Lawrence J. Quinn with permission of Todd Collins)*
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103

*Counsel for Plaintiffs*

_____/s/_____

Charles Lee Eisen
*(signed by Lawrence J. Quinn with permission of Charles Lee Eisen)*
KIRKPATRICK & LOCKHART
1800 Massachusetts Avenue, NW, 2d Fl.
Washington, DC 20036

*Counsel for Defendant Rensin*

_____/s/_____

Lawrence J. Quinn


TYDINGS & ROSENBERG LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland 21202

*Counsel for Plaintiffs*

_____/s/_____

Stephen M. McNabb
*(signed by Lawrence J. Quinn with permission of Stephen M. McNabb)*
FULBRIGHT & JAWORSKI L.L.P.
801 Pennsylvania Ave., N.W.
Washington, DC 20004-2615

*Counsel for Defendant Palmer*

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE CREDITRUST CORPORATION<br>SECURITIES LITIGATION<br><br>This Document Relates To:<br>All Actions | MJG 00 CV 2174 |

AGREEMENT CONCERNING CONFIDENTIALITY

I, _____, hereby certify that:

I have read the Stipulated Protective Order entered in the above-captioned action and understand its terms.

I agree to be bound by the terms of the Stipulated Protective Order, including, but not limited to, that I will use the information provided to me in this case only for purposes of this litigation.

I understand that my failure to abide by the terms of the Stipulated Protective Order entered in the above-captioned action may subject me, without limitation, to civil and criminal penalties for contempt of court.

I submit to the jurisdiction of the court in the above-captioned action for the purpose of enforcing the terms of the Stipulated Protective Order and freely and knowingly waive any right that I may otherwise have to object to the jurisdiction of said court.

Date: _____   Signature: _____

Print Name: _____

#340833