# EXHIBIT

# A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE CREDITRUST CORPORATION SECURITIES LITIGATION : : : | Civil Action No. MJG 00 CV 2174 |
| This Document Relates to ALL ACTIONS : : | |

**DEFENDANT RICHARD PALMER'S RESPONSES AND OBJECTIONS
TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33(b), Defendant Richard J. Palmer ("Palmer") provides the following responses and objections to Plaintiffs' First Set of Interrogatories (the "Interrogatories").

**GENERAL OBJECTIONS**

1. Palmer objects to the definitions and instructions set forth in the Interrogatories insofar as such definitions and instructions exceed the requirements of the Federal Rules of Civil Procedure, Local Rules, or the common, everyday meaning of the words used.

2. Palmer objects to the production of any confidential or proprietary information without the entry of a protective order that limits the use and/or dissemination of any confidential or proprietary information.

3. Palmer objects to the Interrogatories to the extent they seek information protected by the attorney-client privilege, the work product doctrine, and any other applicable privileges or exemptions from discovery.

4. Palmer objects to the Interrogatories to the extent the number of interrogatories, including all discrete subparts exceeds the total number of interrogatories allowed by Fed. R. Civ. P. 33(a).

5. Palmer objects to the Interrogatories to the extent they seek information outside Palmer's possession, custody, or control.

6. Each of the foregoing General Objections is hereby incorporated in each response to the following interrogatories as if restated in full therein.

## RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES

**Interrogatory No. 1**

Identify each Person who participated in the creation of each public statement by Creditrust during the relevant time period, including but not limited to any and all press releases, SEC filings, and/or statements to analysts, whether written or oral.

**Response:**

Palmer objects to this interrogatory to the extent it is vague, overly broad, unduly burdensome and seeks information which is neither relevant nor likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Palmer identifies the following persons who he recalls would have participated in the creation of one or more public statements by Creditrust during the period in which Creditrust was a publicly traded company, including press releases, SEC filings, and/or statements to analysts, whether written or oral. To the extent Palmer has further identifying information regarding such persons, such information already has been provided in Palmer's Rule 26(a)(1) Initial Disclosures:

1. Richard J. Palmer
2. Joseph K. Rensin
3. J. Barry Dumser
4. Jefferson B. Moore
5. John L. Davis
6. Thomas J. Crotty
7. Frederick W. Glassberg
8. John G. Moran
9. Michael S. Witlin
10. Harry G. Pappas, Jr.
11. James L. Isett
12. John Frey
13. Frank Zoll

2

14. David Elkes

15. Steve Levickas

16. Mike Sheridan

17. Hogan & Hartson, LLP

18. Henry Kahn

19. Venable, Baetjer & Howard

20. Ferris Baker Watts, Inc.

21. Boenning & Scattergood, Inc.

22. Counsel for Ferris Baker Watts, Inc.

23. Counsel for Boening & Scattergood, Inc.

24. Bank of America, Montgomery Securities

25. Seneca Financial Corp., Inc.

26. Steve Shea

27. Grant Thornton

28. Pat McEvoy

29. Mark Bagaason

30. Stuart Walpoff

31. Makovsky & Company, Inc.
    575 Lexington Avenue,
    New York, NY 10022

32. Ken Makovsky (Makovsky Company, Inc.)

33. Don Menditto (Makovsky Company, Inc.)

34. Resnick, Fedder & Silverman
    2 Hopkins Plaza, Suite 2100
    Baltimore, MD 21201

35. Dan Kenney (Resnick, Fedder & Silverman)

36. Richard Chamberlain (Resnick, Fedder & Silverman)

37.  James W. Harris (Seneca Financial Corp., Inc.)

38.  Robert E. Damstra (Seneca Financial Corp., Inc.)

39.  Kenneth A. Garnett (Seneca Financial Corp., Inc.)

40.  Counsel for Bank of America, Montgomery Securities

41.  Piper, Marbury (Baltimore, Md)

42.  William Taylor (Piper, Marbury)

43.  Samuel Wellschlager (Piper, Marbury)

44.  Counsel for Bank of America, Montgomery Securities

45.  Jeffrey Schrader

46.  Howard Schwartz
     2705 Quarry Heights
     Baltimore, MD 21209

**Interrogatory No. 2**

Identify each person, whether affiliated with Creditrust or not, who assisted in the creation, modification, maintenance or analysis of the predictability of PAT.

**Response:**

Palmer objects to this interrogatory to the extent it is vague, overly broad, unduly burdensome and seeks information which is neither relevant nor likely to lead to the discovery of admissible evidence. Palmer further objects to the term "predictability of PAT" as vague; Plaintiffs have not defined this term. Subject to and without waiving the foregoing general and specific objections, Palmer identifies the following persons who he recalls assisted in the creation, modification, maintenance or analysis of PAT. To the extent Palmer has further identifying information regarding such persons, such information already has been provided in Palmer's Rule 26(a)(1) Initial Disclosures:

1.  Thomas J. Crotty

2.  John Yielding

3.  Joseph Muller

4.  David Kroll

4

5.  Mark Mandel

6.  David Elkes

7.  Joseph K. Rensin

8.  Frank Zoll

9.  Richard J. Palmer

10. Jefferson B. Moore

11. John Frey

12. Buddy Young

13. J. Barry Dumser

14. John L. Davis

15. Grant Thornton

16. Pat McEvoy (Grant Thornton)

17. Mark Bagaason (Grant Thornton)

18. Resnick, Fedder & Silverman

19. Dan Kenney (Resnick, Fedder & Silverman)

20. Richard Chamberlain (Resnick, Fedder & Silverman)

21. Asset Guaranty Insurance Corporation

22. Scott Mangan

23. Anne Marie Brostek

24. Marina Gendlin
    3400 Old Court Road
    Aberdeen MD  21001

25. Michael Witlin

26. Howard Schwartz

27. Steve Rzeczkowski
    (410) 687-7597

28. Standard & Poor's

5

        55 Water Street, 31st Floor
        New York, NY 10041

29.    Soody Nelson (Standard & Poor's)
        25 Broadway
        New York, NY 10004
        (212) 208-8949

30.    Lily Cheung (Standard & Poor's)
        25 Broadway
        New York, NY 10004
        (212) 208-1974

31.    Ellen Welsher (Standard & Poor's)
        25 Broadway
        New York, NY 10004
        (212) 208-8495

32.    Steve Leser (Grant Thornton)
        2070 Chain Bridge Rd
        Vienna VA 22182
        (703) 847-7500

33.    Mike Creasy (Grant Thornton)
        2070 Chain Bridge Rd
        Vienna VA 22182
        (703) 847-7500

34.    Peter Malekian (Ferris, Baker Watts)
        100 Light Street
        Baltimore MD 21202
        (410) 659-4639

35.    Greg Berlacher (Boenning & Scattergood)
        Parkview Tower
        1150 First Avenue, Suite 600
        King of Prussia, PA 19406
        (888) 293-1800

36.    Steven Gendal

37.    Jean Smith (USBLIBRA)
        65 East 55th Street
        22nd Floor
        New York, NY 10022
        (212) 308-4400

38.    Wayne Yang (USBLIBRA)

39.  Rob Bushey (Sunrock Capital)
     11 Penn Center
     1835 Market Street
     Philadelphia, PA 19103
     (215) 979-7656

40.  Brian Statfeld

41.  Rick Fingerette

42.  Friedman Billings & Ramsey
     Potomac Tower
     1001 19th Street North
     Arlington, VA 22209

43.  Patrick Whitney (Friedman Billings & Ramsey)

44.  Edward Wheeler (Friedman Billings & Ramsey)

**Interrogatory No. 3**

Identify each person at Creditrust who communicated with any independent auditor including Grant Thornton or Arthur Andersen.

**Response:**

Palmer objects to this interrogatory to the extent it is vague, overly broad, unduly burdensome and seeks information which is neither relevant nor likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Palmer identifies the following persons who he recalls would have communicated with Grant Thornton or Arthur Anderson. To the extent Palmer has further identifying information regarding such persons, such information already has been provided in Palmer's Rule 26(a)(1) Initial Disclosures:

1.  Richard J. Palmer

2.  Joseph K. Rensin

3.  J. Barry Dumser

4.  Jefferson B. Moore

5.  John L. Davis

6. Frederick W. Glassberg

7. John G. Moran

8. Michael S. Witlin

9. Harry G. Pappas, Jr.

10. James L. Isett

11. Stuart Walpoff

12. Steve Levickas

13. Frank Zoll

14. Patrick Boyle

15. Mike Sheridan

16. Margaret Cole

17. Steve Rzeczkowski

18. Howard Schwartz

19. Thomas J. Crotty

20. David Elkes

21. John Frey

22. Buddy Young

23. Joseph Muller

24. Jeffrey Schrader

**Interrogatory No. 4**

Identify each person with the authority to write checks at Creditrust.

**Response:**

Palmer objects to this interrogatory to the extent it is vague, overly broad, unduly burdensome and seeks information which is neither relevant nor likely to lead to the discovery of admissible evidence. Palmer further objects to the term "write checks" as vague; Plaintiffs have not defined

8

this term. Subject to and without waiving the foregoing general and specific objections, Palmer identifies the following persons who he recalls had the authority to sign checks at Creditrust. To the extent Palmer has further identifying information regarding such persons, such information already has been provided in Palmer's Rule 26(a)(1) Initial Disclosures:

1.  Joseph K. Rensin

2.  Richard J. Palmer

3.  J. Barry Dumser

**Interrogatory No. 5**

Describe the process of preparing, drafting finalizing and filing with the Securities Exchange Commission any report containing Creditrust financial statements.

**Response:**

Palmer objects to this interrogatory to the extent it is vague, overly broad, unduly burdensome and seeks information which is neither relevant nor likely to lead to the discovery of admissible evidence. Palmer further objects to the terms "process" and "financial statements" as vague and overly broad; Plaintiffs have not defined these terms. Subject to and without waiving the foregoing general and specific objections, Palmer states that Creditrust reports filed with the Securites and Exchange Commission generally would be drafted by the Creditrust finance department or outside securities counsel and then circulated for review, comment and approval by a number of persons including Creditrust's outside securities counsel, Creditrust's independent auditors, and/or Creditrust's officers and directors.

**Interrogatory No. 6**

Identify each person who participated in the process of preparing, drafting finalizing and filing with the Securities Exchange Commission any report containing Creditrust financial statements.

**Response:**

Palmer objects to this interrogatory to the extent it is vague, overly broad, unduly burdensome and seeks information which is neither relevant nor likely to lead to the discovery of admissible evidence. Palmer further objects to the terms "process" and "financial statements" as vague and overly broad; Plaintiffs have not defined these terms. Subject to and without waiving the foregoing general and specific objections, Palmer states that he recalls that the persons who

would have participated in the process of preparing Creditrust reports filed with the Securities and Exchange Commission include the persons identified in response to Interrogatory No. 1.

**Interrogatory No. 7**

Describe the process of the preparation of Creditrust's financial statements.

**Response:**

Palmer objects to this interrogatory to the extent it is vague, overly broad, unduly burdensome and seeks information which is neither relevant nor likely to lead to the discovery of admissible evidence. Palmer further objects to the terms "process" and "financial statements" as vague and overly broad; Plaintiffs have not defined these terms. Absent further clarification of these terms, Palmer is unable to respond to this interrogatory.

**Interrogatory No. 8**

Identify each person who assisted with the preparation of Creditrust's financial statements and their responsibilities in that process.

**Response:**

Palmer objects to this interrogatory to the extent it is vague, overly broad, unduly burdensome and seeks information which is neither relevant nor likely to lead to the discovery of admissible evidence. Palmer further objects to the term "financial statements" as vague and overly broad; Plaintiffs have not defined this term. Absent further clarification of this term, Palmer is unable to respond to this interrogatory.

**Interrogatory No. 9**

Identify all persons with knowledge of the allegations of the Complaint, listing the subject of each person's knowledge and the basis thereof.

**Response:**

Palmer objects to this interrogatory because it is vague, overly broad, unduly burdensome and seeks information already within the possession of Plaintiffs.

**Interrogatory No. 10**

Identify all information supporting or explaining your statement, quoted in paragraph 114 of the Complaint, and elsewhere, that Creditrust used "very conservative accounting."

**Response:**

Palmer objects to this interrogatory because it is vague, overly broad, and unduly burdensome.

**Interrogatory No. 11**

Given your answers to paragraphs 74, 76, 81, 82, 83 that you do not have information sufficient to form a belief as to the truth of the allegations in the declarations of James L. Isett, Annemarie E. Brostek, Michael Baty, Scott Mangan and Bonita Z. Dorland, identify in detail all information forming the basis for your denial of allegations in paragraphs 96, 97, 101, 107, 109, 115, 122, 127, 130, 132, 138, and 152.

**Response:**

Palmer objects to this interrogatory because it is vague, overly broad, and unduly burdensome.

**Interrogatory No. 12**

Identify all persons at AGIC or any of its agents with whom you had contact.

**Response:**

Palmer objects to this interrogatory to the extent it is vague, overly broad, unduly burdensome and seeks information which is neither relevant nor likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Palmer identifies the following persons at AGIC with whom he recalls he had contact. To the extent Palmer has further identifying information regarding such persons, such information already has been provided in Palmer's Rule 26(a)(1) Initial Disclosures:

1. Annemarie E. Brostek

2. Bonita Z. Dorland

3. Scott Mangan

4. Julie Stern

5. Thomas Collimore

**Interrogatory No. 13**

Identify all person who assisted you in preparing your certification of any Annual Statement of Compliance, certifying that to the best of your knowledge, Creditrust had fulfilled all its

obligations under any servicing agreement in all material respects and that you reviewed the activities of Creditrust and its performance under any servicing agreement.

**Response:**

Palmer objects to this interrogatory to the extent it is vague, overly broad, unduly burdensome and seeks information which is neither relevant nor likely to lead to the discovery of admissible evidence. Palmer futher objects to the term "assisted you in preparing" as vague and overly broad; Plaintiffs have not defined this term. Subject to and without waiving the foregoing general and specific objections, Palmer states that he does not recall at this time any specific person who assisted him in preparing an Annual Statement of Compliance for any Creditrust servicing agreement.

**Interrogatory No. 14**

Identify all persons from Arthur Andersen who participated in any independent audit of Creditrust or any other activity surrounding or stemming from any such audit.

**Response:**

Palmer objects to this interrogatory to the extent it is vague, overly broad, unduly burdensome and seeks information which is neither relevant nor likely to lead to the discovery of admissible evidence. Palmer further objects to the term "participated in" as vague; Plaintiffs have not defined this term. Subject to and without waiving the foregoing general and specific objections, Palmer identifies the following persons from Arthur Anderson who participated in independent audits of Creditrust:

1.   David Kay

2.   Richard Jeanneret

3.   Roqui Santi

4.   C.E. Andrews

**Interrogatory No. 15**

Identify all persons that you or your attorneys consulted in connection with your investigation of the allegations of the Complaint and all documents each of those persons provided to you.

**Response:**

Palmer objects to this interrogatory because it is vague, overly broad, unduly burdensome and because it seeks information which is neither relevant nor likely to lead to the discovery of admissible evidence. Palmer further objects to this interrogatory because it requires production of information protected by the attorney-client privilege and/or work product doctrine.

**Rule 33(b)(2) Certification**

I, Richard Palmer, state that I have answered the foregoing interrogatories under oath.

_____
Richard J. Palmer

December 19, 2002

_____
Matthew H. Kirtland (Bar No. 26089)
Michael D. Trager
Stephen M. McNabb
FULBRIGHT & JAWORSKI L.L.P.
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2623
Telephone: (202) 662-0200
Telecopier: (202) 662-4643

ATTORNEYS FOR DEFENDANT
RICHARD J. PALMER

## CERTIFICATE OF SERVICE

I, Matthew H. Kirtland, hereby certify that I served a true and correct copy of the foregoing to the counsel listed below via facsimile and first class mail, postage prepaid, on this 19th day of December, 2002.

Todd S. Collins, Esq.
Jacob A. Goldberg, Esq.
Christopher L. Nelson, Esq.
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA  19103

Lawrence J. Quinn
Tydings & Rosenberg LLP
100 East Pratt Street
Baltimore, MD  21202

Charles Lee Eisen, Esq.
Nicholas G. Terris
Kirkpatrick & Lockhart LLP
1800 Massachusetts Avenue, N.W.
Washington, D.C.  20036

                                                        Matthew H. Kirtland