UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE CREDITRUST CORPORATION    :      Civil Action No. MJG 00 CV 2174
SECURITIES LITIGATION        :

      :

This Document Relates to ALL ACTIONS   :

      :

## DEFENDANTS' MOTION TO STAY ALL PROCEEDINGS DURING THE PENDENCY OF THEIR APPEALS TO THE FOURTH CIRCUIT

Defendants Joseph K. Rensin and Richard J. Palmer hereby move the Court to stay all proceedings in this matter.

Defendants have initiated two separate but overlapping appeals from this Court's Memorandum and Order entered April 30, 2003, granting the Motion of Plaintiffs for Class Certification. Defendants filed with this Court a notice of appeal pursuant to 28 U.S.C. § 1291 on May 14, 2003, and on the same day filed a petition with the Fourth Circuit for permission to appeal under Rule 23(f), Fed. R. Civ. P. The Fourth Circuit granted Defendants' Rule 23(f) petition on June 11, 2003.

As discussed in the Memorandum of Points and Authorities filed herewith and in Defendants' Memorandum in Opposition to Plaintiffs' Motion for Renewal of the Motion for Approval of Partial Settlement filed on May 29, 2003, the pendency of the § 1291 appeal automatically divests this Court of jurisdiction to conduct further proceedings in this matter. The Fourth Circuit's order granting permission to appeal pursuant to Rule 23(f) eliminates any argument that the Fourth Circuit lacks jurisdiction over the case and makes it even clearer that proceedings in this Court should be stayed. Plaintiffs nonetheless have recently informed

Defendants that they oppose a stay of these proceedings and that they intend to file a motion with the Court seeking an order setting forth new discovery deadlines and providing other relief.

WHEREFORE, Defendants request a stay of all proceedings in this Court during the pendency of their appeals to the United States Court of Appeals for the Fourth Circuit. A proposed order is attached.

Respectfully submitted,

_____/s/_____

KIRKPATRICK & LOCKHART LLP
Charles Lee Eisen (Bar No. 02538)
Jeffrey B. Maletta (Bar No. 11852)
Nicholas G. Terris (Bar No. 015124)
Jon A. Stanley
1800 Massachusetts Avenue, N.W.
Washington, D.C. 20036-1800
Tel: 202.778.9077
Fax: 202.778.9100
Counsel for Defendant Joseph K. Rensin

_____/s/_____

FULBRIGHT & JAWORSKI L.L.P.
Matthew H. Kirtland (Bar No. 26089)
(signed by Nicholas G. Terris with permission of
Matthew H. Kirtland)
Stephen M. McNabb
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2623
Tel: (202) 662-0200
Fax: (202) 662-4643
Counsel for Defendant Richard J. Palmer

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE CREDITRUST CORPORATION          :          Civil Action No. MJG 00 CV 2174
SECURITIES LITIGATION                 :

                                      :

This Document Relates to ALL ACTIONS  :

                                      :

### [PROPOSED] ORDER

Upon consideration of the Defendants' Motion to Stay All Proceedings During the Pendency of Their Appeals to the Fourth Circuit and the Memorandum in Support Thereof, it is this _____ day of _____, 2003 ORDERED:

That the Motion is hereby GRANTED and that the Court hereby STAYS all proceedings in this matter during the pendency of Defendants' appeals to the Fourth Circuit.

_____
The Honorable Marvin J. Garbis
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| IN RE CREDITRUST CORPORATION SECURITIES LITIGATION | : : : | Civil Action No. MJG 00 CV 2174 |
| This Document Relates to ALL ACTIONS | : : : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STAY ALL PROCEEDINGS DURING THE PENDENCY OF THEIR APPEALS TO THE FOURTH CIRCUIT**

Defendants Joseph K. Rensin and Richard J. Palmer hereby submit this Memorandum of Points and Authorities in Support of Defendants' Motion to Stay All Proceedings During the Pendency of Their Appeals to the Fourth Circuit.

Defendants have initiated two separate but overlapping appeals from this Court's Memorandum and Order entered April 30, 2003, which granted the Motion of Plaintiffs for Class Certification and rejected several arguments by Defendants, including that class certification was precluded by the periods of repose contained in 15 U.S.C. § 77m and 15 U.S.C. § 78i(e).

On May 14, 2003, Defendants filed a notice of appeal with this Court pursuant to 28 U.S.C. § 1291 and the collateral order doctrine. See Estate of Kennedy v. Bell Helicopter Textron, Inc., 283 F.3d 1107 (9th Cir. 2002) (district court's rejection of a statute of repose defense is subject to immediate appeal as of right pursuant to 28 U.S.C. § 1291); see also Powers v. Southland Corp., 4 F.3d 223, 232-33 & n.10 (3d Cir. 1993) (denial of statute of limitations defense is not a collateral order, but whether denial of motion to dismiss based on statute of repose is immediately appealable pursuant to the collateral order doctrine is a distinct question that the court declined to resolve).

The same day, Defendants filed with the Fourth Circuit a petition for permission to appeal under Fed. R. Civ. P. 23(f). The Fourth Circuit granted that petition by order dated June 11, 2003 (a corrected version of which was issued on June 16, 2003 and is attached hereto as Exhibit 1).

Shortly after filing the initial notice of appeal, on May 29, 2003, Defendants submitted for this Court's consideration a Memorandum in Opposition to Plaintiffs' Motion for Renewal of the Motion for Approval of Partial Settlement (the "Settlement Opposition"). In that memorandum, to which Plaintiffs never responded, Defendants demonstrated that the filing of the § 1291 notice of appeal on May 14, 2003, automatically divested this Court of jurisdiction to conduct any proceedings relating to the class claims. See Settlement Opposition at 1, 2-5. As discussed in the Settlement Opposition, in Estate of Kennedy, the court held that, like the defense of qualified immunity, a statute of repose confers a right not to stand trial, and the denial of such a defense by a district court is subject to immediate appeal as of right pursuant to 28 U.S.C. § 1291. 283 F.3d at 1110-11. When such an appeal is taken, courts have recognized that the district court is divested of jurisdiction and neither discovery nor a trial should be permitted. See, e.g., Apostol v. Gallion, 870 F.2d 1335 (7th Cir. 1989); Stewart v. Donges, 915 F.2d 572, 576 (10th Cir. 1990). In the words of the Apostol court, "[i]t makes no sense for trial to go forward while the court of appeals cogitates on whether there should be one." Apostol, 870 F.2d at 1338.

The inability to proceed with the class claims requires a stay of all proceedings. As representatives of a class certified by this Court in a decision under review by the Fourth Circuit, the named plaintiffs are obliged to act as fiduciaries on behalf of the absent class members and

2

have no right or ability to proceed with their individual claims.[1]  Even assuming contrary to fact

that they did, seriatim discovery and other proceedings for the individual and the class claims

would be highly inefficient.

The Fourth Circuit's order granting permission to appeal pursuant to Fed. R. Civ. P. 23(f)

eliminates any doubt that the Fourth Circuit intends to exercise jurisdiction over the case and

makes it even clearer that proceedings in this Court should be stayed.  Cf. In re Healthcare Corp.

Sec. Litig., 75 F.3d 276, 280 (7th Cir. 1996) (stating in the context of a Section 1292(b) appeal

that, once the court of appeals grants interlocutory review, "the litigants are in essence told that

[the] Court will exercise jurisdiction.  As a result, district court proceedings are usually stayed

and the parties undergo the time and expense of fully briefing their case on appeal").

The June 16, 2003 order of the Fourth Circuit does not set forth the Court's reasons for

granting permission for the Rule 23(f) appeal.  But, in what appears to be its only previous

opinion addressing Rule 23(f), the Fourth Circuit has indicated that, in determining whether to

allow a Rule 23(f) appeal, it undertakes a preliminary assessment of the merits.  See Lienhart v.

Dryvit Sys., Inc., 255 F.3d 138, 146 (4th Cir. 2001) (the "weakness of the district court's

certification, viewed in terms of the likelihood of reversal under an abuse of discretion standard,

operates on a 'sliding scale' in conjunction with the other factors" that determine whether to

allow the appeal).

Moreover, an appeal pursuant to Fed. R. Civ. P. 23(f) brings before the Court of Appeals

any issue fairly included within the class certification order.[2]  Thus, in addition to the question

---

[1]        See, e.g., Shelton v. Pargo, Inc., 582 F.2d 1298, 1305-06 (4th Cir. 1978) ("parties cannot avail themselves
of the ... privilege of litigating for the interest of a class and then shake off their self-assumed responsibilities to
others by a simple announcement that henceforth they will trade in the rights of others for their own
aggrandizement") (citation and internal quotation marks omitted); see generally Manual for Complex Litigation (3d
ed.) § 30.

[2]        In relevant part, Rule 23(f) generally tracks the language of § 1292(b).  And, as to § 1292(b), the Supreme
Court has held that "jurisdiction applies to the order certified to the court of appeals, and is not tied to the particular

whether the claims of the unnamed class members are barred by the applicable statute of repose, Defendants intend to raise on appeal such issues as whether the claims of the class representatives are timely (an issue that, pursuant to § 1292(b), this Court has previously found to be a controlling question of law as to which there is substantial ground for difference of opinion),[3] whether Plaintiff Endrizzi has standing to assert a claim under § 11 of the Securities Act of 1933 (an issue that this Court has recognized is unresolved in the Fourth Circuit and as to which there is a split of authority outside the Fourth Circuit), and whether the named plaintiffs have stated a claim and otherwise satisfy the "adequacy" and "typicality" requirements of Fed. R. Civ. P. 23.[4]

A ruling in Defendants' favor on any one of these issues would substantially alter the appropriate scope of proceedings in this Court, require the appointment of new class representatives and their chosen counsel, or end the case altogether. The resulting potential

---

question formulated by the district court. The court of appeals may not reach beyond the certified order to address other orders made in the case. But the appellate court may address any issue fairly included within the certified order because it is the order that is appealable, and not the controlling question identified by the district court." Yamaha Motor Corp. v. Calhoun, 516 U.S. 199, 205 (1996) (citations and internal quotation marks omitted). See also Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1364 (11th Cir. 1997) (in the 1292(b) context, a court of appeals "simply has no power to limit its jurisdiction to certain issues"; court may also use pendent appellate jurisdiction in conjunction with 1292(b)).

[3]     The Fourth Circuit's denial of Defendants' requests for permission to appeal pursuant to § 1292(b) does not, of course, call into question this Court's ruling on the certification criteria or otherwise suggest that the Fourth Circuit views unfavorably the merits of Defendants' position in that appeal. The statutory criteria that guide the district court decision to enter an order authorizing a § 1292(b) appeal do not apply to the courts of appeals. See, e.g., Coopers & Lybrand v. Livesay, 437 U.S. 463, 474 ("The appellate court may deny the appeal for any reason, including docket congestion."); Gallimore v. Missouri Pac. R.R., 635 F.2d 1165, 1168-69 & n.4 (5th Cir. 1981) (court of appeals' prior denial of leave for interlocutory appeal did not in any way constitute approval of the district court's ruling on the substantive issue appealed or become the law of the case; denial of petitions for appeal "may be for any of a number of reasons largely unrelated to the perceived merits of the order sought to be appealed from").

[4]     All such issues may be addressed in an appeal pursuant to Fed. R. Civ. P. 23(f). See, e.g., Franze v. Equitable Assurance Co., 296 F.3d 1250 (11th Cir. 2002) (in the context of a 23(f) appeal, the Court addressed whether the named class representative had complied with the statute of limitations; "a class representative whose claim is time-barred cannot assert the claim on behalf of the class," id. at 1254); Boulware v. Crossland Mortg. Corp., 291 F.3d 261, 268 n.4 (4th Cir. 2002) ("Because Boulware failed to state a claim as the purported named plaintiff, and because all other similarly situated plaintiffs would likewise fail to state a claim, the district court necessarily acted within its discretion in denying class certification"); Weinberger v. Retail Credit Company, 498 F.2d 552 (4th Cir. 1974) (where claim of named plaintiff was time-barred, class could not be certified; "being barred from suit himself, Weinberger is not a member of the class he seeks to represent ... and thus does not fulfill the first prerequisite of Fed. R. Civ. P. 23(a)," id. at 556); Carter v. West Pub'g Co., 225 F.3d 1258, 1262-63 (11th Cir. 2000).

4

waste of judicial and private resources militates clearly in favor of a stay.  Cf. Lorazepam v. Mylan Labs., Inc., 208 F.R.D. 1, 6 (D.D.C. 2002) (staying all proceedings while the Court of Appeals considered whether to grant permission to appeal pursuant to Fed. R. Civ. P. 23(f); "proceeding headlong with discovery and other matters has the very real potential of unnecessarily wasting significant resources of all parties (potentially even those of absent class members) and the Court, because two significant issues are currently pending before the Court of Appeals, one of which could dispose of this litigation while the other could substantially reshape it"); O'Brien v. Avco Corp., 309 F. Supp. 703, 705 (S.D.N.Y. 1969) (appeal pursuant to 1292(b) automatically divests district court of jurisdiction over those aspects of the case involved in the appeal; in addition, all other proceedings should be stayed where the outcome of the appeal "may dispose of the entire suit").

## CONCLUSION

For the foregoing reasons and for the reasons set forth in the Settlement Opposition filed with the Court on May 29, 2003, Defendants request that this Court enter a stay of all proceedings in this case pending the Fourth Circuit's resolution of Defendants' pending appeals.

Respectfully submitted,


_____/s/_____
KIRKPATRICK & LOCKHART LLP
Charles Lee Eisen (Bar No. 02538)
Jeffrey B. Maletta (Bar No. 11852)
Nicholas G. Terris (Bar No. 015124)
Jon A. Stanley
1800 Massachusetts Avenue, N.W.
Washington, D.C.  20036-1800
Tel:  202.778.9077
Fax:  202.778.9100
Counsel for Defendant Joseph K. Rensin


_____/s/_____
FULBRIGHT & JAWORSKI L.L.P.
Matthew H. Kirtland (Bar No. 26089)
(signed by Nicholas G. Terris with permission of
Matthew H. Kirtland)
Stephen M. McNabb
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2623
Tel: (202) 662-0200
Fax: (202) 662-4643
Counsel for Defendant Richard J. Palmer

**EXHIBIT 1**

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

FILED
June 16, 2003

No. 03-178
CA-00-2174-MJG

BARRY KIMMELMAN; TERRI ROOP; JONATHAN K. MACK; BETH C. MACK;
MICHAEL ENDRIZZI

      Respondents

v.

JOSEPH K. RENSIN; RICHARD J. PALMER

      Petitioners

---

CORRECTED ORDER

---

Petitioner has filed a petition for permission to appeal an interlocutory order pertaining to class certification pursuant to Fed. R. Civ. P. 23(f).

The Court grants the petition for permission to appeal. The case shall proceed under case number 03-1687.

For the Court,

/s/ Patricia S. Connor

CLERK