UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE CREDITRUST CORPORATION
SECURITIES LITIGATION

Civil Action No. MJG 00 CV 2174

This Document Relates to ALL ACTIONS

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO
STAY ALL PROCEEDINGS DURING PENDENCY OF THEIR APPEAL**

**INTRODUCTION**

Defendants' request for a stay pending appeal fails to address two important issues. First, the Fourth Circuit granted the appeal pursuant to Federal Rule of Civil Procedure 23(f). Under Rule 23 (f), which the Supreme Court promulgated, the grant of an appeal "does not stay proceedings in the district court unless the district court or the court of appeals so orders." Id. (emphasis added). See, e.g., Prado-Steiman v. Bush, 221 F.3d 1266, 1273 n. 8 (11th Cir. 2000)(Rule 23(f) contemplates that merits discovery will continue notwithstanding appeal); Lorazepam & Clorazepate Antitrust Litig., 289 F.3d 98, 105 (D.C. Cir 2002); Blair v. Equifax Check Services Inc., 181 F.3d 832, 835 (7th Cir. 1999). Further, defendants' collateral appeal, asserted under 28 U.S.C. § 1291, provides no basis for a stay.

Second, defendants fail to note that the discovery needed to try this case is the same, whether or not it is a class action. Plaintiffs will be gravely prejudiced if they have to put off the completion of document discovery, as well as all depositions, until the Fourth Circuit decides the class issue, which could take months or years. Memories fade; witness scatter. No class discovery remains because it was done before the defendants responded to plaintiffs' class motion. The remaining discovery concerning defendants' liability will have to be done

#352675

regardless of whether plaintiffs are joined as individual parties or as a plaintiff class. Accordingly, this Court should not grant a stay, but allow merits discovery to continue.[1]

## ARGUMENT

### I. This Collateral Appeal Does Not Automatically Stay The Litigation

#### A. Jurisdiction Under § 1291 Has Not Been Established

Defendants' first argument is that their § 1291 appeal automatically divests this Court of jurisdiction.[2] Obviously, there is no final decision in this case. Defendants base their right to appeal on the collateral order exception to the final decision rule, first articulated by the Supreme Court in Cohen v. Beneficial Loan Corp., 337 U.S. 541 (1949). They claim a right to their appeal based on a Ninth Circuit opinion, Estate of Kennedy v. Bell Helicopter Textron, Inc., 283 F. 3d 1107 (9th Cir. 2002).

The majority opinion in Estate of Kennedy holds that a federal aviation statute of repose confers a right not to stand trial, and, therefore, the denial of such a defense by the district court is immediately appealable under the collateral order doctrine and 28 U.S.C § 1291. One of the three Ninth Circuit judges dissented from the opinion, and neither the Supreme Court nor the Fourth Circuit has ruled on this issue. Further, the aviation statute of repose at issue "confers a right not to stand trial", whereas the limitations statutes at issue here, 15 U.S.C. § 77m and 15 U.S.C. §78i(e), if applicable, would only confer a right not to stand trial against a class of

---

[1]The Court can reserve judgment on whether the trial will or will not be stayed, if the Fourth Circuit has not decided the appeal at the time of trial. See, e.g. Silverman v. Bogle, 486 F. Supp. 70, 73 (E.D. Pa. 1980).

[2]As defendants note, on page 2 of their Memorandum in Support of Their Motion to Stay, plaintiffs never replied to defendants' Opposition to Plaintiffs' Motion for Renewal of the Motion for Approval of Partial Settlement ("Settlement Opposition"). Unfortunately, counsel only learned of defendants' Settlement Opposition when they read this Motion to Stay, because of a technical problem with the Court's new electronic filing system. Likewise, counsel only learned of Defendants' August 1, 2003, Motion to Stay on August 8, 2003, and did not receive a copy until August 11, 2003. Local counsel Lawrence Quinn did receive notice but because Mr. Collins's name was listed as having received notice, Mr. Quinn did not alert the attorneys at Berger & Montague to the filing.

2

shareholders, as opposed to a group of individual shareholders. Accordingly, it is unlikely that the Fourth Circuit will adopt, choose to apply, or even address the opinion in Estate of Kennedy. Indeed, defendants have already argued to the Fourth Circuit in their Rule 23(f) Petition that the appeal need not address the jurisdictional issues under § 1291, because jurisdiction is clear under Federal Rule 23(f). See Lear, Siegler, Inc. v. Adkins, 330 F.2d 595, 598 (1964).

### B.   Collateral Order Appeals Do Not Stay the Underlying Case

Even if the Fourth Circuit were to consider the Ninth Circuit's opinion in Estate of Kennedy, that would not mean that discovery must be stayed in the underlying case. As the Seventh Circuit said in Apostol v. Gallion, 870 F.2d 1335 (7th Cir. 1989), a case cited by defendants, "[a]ppeals based on the 'collateral order doctrine'. . . present issues separate from the merits . . . and the court of appeals can consider these segregable issues while the district court presses ahead with the case." Apostol at 1338. See also Alvarado Partners, L.P. v. Mehta, 1991 WL 94281 (D. Colo. 1991); Philipp Bros. Inc. v. U.S., 640 F. Supp. 261 (Ct. Intl. T. 1986); Silverman v. Bogle, 486 F. Supp. 70, 72 (E.D. Pa 1980) ("where judgment appealed does not finally determine the entire action, the district court may proceed with matters not involved with the appeal."). This is also true here. The discovery depositions that plaintiffs want to pursue have nothing to do with the class issues on appeal, but concern the liability of defendants.[3] The

---

[3] Defendants argue that their appeal on the class Order of April 25, 2003, will also include issues decided when this Court denied defendants' motions to dismiss in an opinion dated August 1, 2002. This is incorrect. The Fourth Circuit previously denied review of this Court's Order on the motions to dismiss, and now has accepted the appeal only of the Court's Class Certification decision. Although the Fourth Circuit may permit review of all aspects of the issue of class certification addressed by the Court's opinion, there is no jurisdiction to appeal any other order of this Court. See Winn v. West Publishing Co., 225 F.3d 1258, 1262 (11th Cir. 2000). Accordingly, only the class issue is at stake.

discovery will be exactly the same whether the plaintiffs are a class of shareholders or a group of individual shareholders, because the issue will be defendants' violation of the securities laws. Put another way, even if this Court's ruling on class certification is reversed, the case will go on and the depositions will have to take place.

Every decision cited by defendants in favor of a stay of the underlying case involves a situation where either the appeal could resolve the entire case, or where the appeal concerned an issue such as qualified immunity which involved a right not to stand trial, which would be jeopardized if the trial took place.

Defendants cite In re Healthcare Compare Corp. Sec. Lit., 75 F.3d 276, 280 (7th Cir. 1996). In Healthcare, the district court judge denied a motion to dismiss and then certified the denial under § 1292(b). Reversal of that decision would have ended the case entirely. The judge felt that the decision was a close question and "a massive amount of discovery [is] lurking in this case" which would be "down the drain if I'm wrong." Healthcare, 75 F.3d at 279. Under those circumstances, it is not surprising that discovery in the underlying case was stayed, since the entire reason for granting the interlocutory appeal was to avoid the time and expense of discovery, which would have been unnecessary had the district court been reversed and the case dismissed. In contrast, here, whether the order is reversed or affirmed, the discovery on defendants' liability will have to be taken.

The actual decision in Apostol, that the trial in the district court must be stayed, is based on the qualified immunity issue, which is not present in this case. In Apostol, if the trial had gone forward, defendants would have lost their right under the qualified immunity claims. Here, the issue - - whether plaintiff will be a group of individual shareholders or a class of shareholders - - will not be jeopardized by discovery of defendants' liability, which will have to go forward, no matter which way the Fourth Circuit rules. Thus, the reasoning in Apostol supports plaintiffs.

4

Since the class issue on appeal is distinct from the discovery issues before this Court, "the appeal of the collateral order [will] not disrupt the litigation in the district court." Apostol, 870 F.2d at 1338.

Defendants also cite Stewart v. Denges, 915 F.2d 572, 576 (10th Cir. 1990), and Princz v. F.R.G, 998 F.2d 1 (D.C. Cir. 1993). These are both appeals based on immunity, where the right on appeal would have been lost had the trial of the underlying case not been stayed. Indeed, in Princz, the court merely stated that the appeal divests the district court of control "over those aspects of the case involved in the appeal." Id. It is inapplicable here where the class issues and the discovery issues are independent of each other.

Finally, several cases cited by defendants are not collateral order cases at all. For instance, defendants cite Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). In Griggs, the district court had granted summary judgment and the defendant filed a motion in the district court to alter the judgment and then prematurely filed a notice of appeal. This procedural nightmare was not a collateral order, nor does the opinion hold that the underlying case is automatically stayed. Indeed, the portion quoted by defendants shows that the district court may proceed with aspects of the case not involved with the appeal. Here, the appeal concerns class issues, and class discovery is complete. Any trial will not involve different proofs if it proceeds on a class as opposed to individual basis.

Similarly, in Sagone v. Florence County Det. Ctr., CA-98-1807-4-2-JI 1995 WL 354871 (4th Cir. June 14, 1995), an appeal was docketed and then the appellant tried to withdraw it. Since it had already been sent to the Fourth Circuit, only the Fourth Circuit could dismiss the appeal. Nothing in Sagone would have prohibited the lower court from continuing with issues not involved in the appeal.

5

Hence, every case cited for the proposition that a stay is automatic is inapposite. Indeed, the <u>Apostol</u> case establishes that in collateral order doctrine appeals, the court of appeals can consider one issue while the district court continues with issues not appealed. 870 F.2d at 1338.

### C. Rule 23(f) Appeal of the Class Issue Does Not Stay the Issue of Defendants' Liability

Despite defendants' pretensions to a §1291 appeal, the only clear basis for appellate jurisdiction here is the Fourth Circuit's grant of defendants' Rule 23(f) petition. Rule 23(f) states that the grant of the petition for appeal "does <u>not</u> stay proceedings in the district court unless the district court or the court of appeals so orders." (Emphasis added.) In commenting on this part of Rule 23, the Eleventh Circuit said that "Rule 23 contemplates that in most cases discovery (at the very least merits discovery) will continue notwithstanding the pendency of an appeal of the class certification order." <u>Prado-Steiman</u>, 221 F.3d at 1273 n.8 (11th Cir. 2000). The Fourth Circuit relied on <u>Prado-Steiman</u> and adopted its standards for granting Rule 23(f) appeals. <u>Lienhart v. Dryvit Sys. Inc.</u>, 255 F.3d 138, 145-46 (4th Cir. 2001).

Similarly, the D.C. Circuit in <u>Lorazepam</u>, 289 F.3d at 105 stated: "Delay caused by interlocutory appeals under Rule 23(f) may be less of a concern because filing a petition does not automatically stay the litigation." Likewise, the Seventh Circuit in <u>Blair</u>, 181 F.3d at 835, commented that "Rule 23(f) is drafted to avoid delay." The <u>Blair</u> court went on to find that the decision of a district court or appeals court to stay the underlying case "would depend on a demonstration that the probability of error in the class certification decision is high enough that the costs of pressing ahead in the district court exceed the costs of waiting," and then commented that "stays will be infrequent."[4] Indeed, neither of the cases involved in the <u>Blair</u> appeal was stayed. <u>Id</u>.

---

[4]Defendants also argue that the Fourth Circuit granted the 23(f) petition because of weakness of this Court's opinion on class certification. However, under the <u>Lienhart</u> criteria, it is just as likely that the Fourth Circuit

6

Further, since the Supreme Court itself promulgated Rule 23(f), the Supreme Court recognized that when there is an interlocutory review of a class certification decision, the merits of a stay must be considered in each case by the district court or the court of appeals. The same rationale would be applicable to a § 1291 appeal of a decision on class certification.

## II.     This Court Should Not Stay Discovery in This Action

Defendants argue that "inability to proceed with class claims requires a stay of all proceedings." (Memo at 2). They claim that the named plaintiffs must act as "fiduciaries on behalf of absent class members." They fail to show, however, how discovery of defendants' liability would do anything but strengthen the claims of both the class and the individual plaintiffs.[5] In fact, the class issues and the issues of defendants' violation of the securities laws are independent issues which do not affect each other at all. As fiduciaries, the named plaintiffs need to seek to continue with discovery.

Further, any discovery stay would severely prejudice plaintiffs. Creditrust itself is in bankruptcy, and Rensin, the defendant who knows the most about the fraud, has consistently asserted the Fifth Amendment in his Rule 26 statement, his response to requests for production of documents, and his response to interrogatory answers. This leaves plaintiffs with the difficult discovery task of piecing together facts from less knowledgeable witnesses and non-parties - - accountants, successors, insurers and former Creditrust employees. However, with the passage

---

granted the petition because "the appeal will permit the resolution of an unsettled legal question of general importance." Lienhart, 255 F.3d at 144. Thus, the acceptance of this appeal is not a reflection on this Court's opinion or a forecast of the Fourth Circuit's ruling on the issue. As the Blair court commented in this context, "[l]aw may develop through affirmances as well as through reversals." Blair, 181 F.3d at 835.

[5] Under American Pipe & Construction v. Utah, 414 U.S. 538 (1974) and Crown, Crown, Cork & Seal, Inc. v. Parker, 462 U.S. 345 (1982), the filing of a class action tolls the statute of limitations as to all asserted members of the class until class status is denied. Thus, all class members will be able to join the litigation as individuals or file their own claims if the class ruling is reversed. Plaintiffs' efforts at discovery will thus benefit class members no matter how the Fourth Circuit rules. Indeed, holding up discovery for months or years would severely harm the interests of the class as well as the individual plaintiffs.

of time witnesses' memories fail. The events in this case are now four to six years old. Staying the depositions, which plaintiffs would take in the fall this year, unless the case is stayed, would lead to faded memories, scattered witnesses, and lost documents, making it much more difficult for plaintiffs to establish the facts to prove their case. Accordingly, a stay will severely prejudice plaintiffs. Under the circumstances, this Court should refuse to grant a stay of discovery during the pendency of the appeal.

## CONCLUSION

Because there is no reason under the collateral order doctrine or under Federal Rule 23(f) to stay this case, and because a stay of discovery would severely prejudice plaintiffs, this Court should deny defendants' motion.

Dated: August 18, 2003                    Respectfully Submitted,

**TYDINGS & ROSENBERG, LLP**

By  _/S/_
Lawrence J. Quinn
  100 East Pratt Street, 26th Floor
  Baltimore, Maryland  21202
  410/752-9700

**BERGER & MONTAGUE, P.C.**

Todd S. Collins, Esq.
Elizabeth W. Fox, Esq.
Neil F. Mara, Esq.
1622 Locust Street
Philadelphia, PA. 19103
(215) 875-3000

Lead Counsel for Lead Plaintiffs and the Class

370093_04.wpd

9