UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| IN RE CREDITRUST CORPORATION SECURITIES LITIGATION | : : : | Civil Action No. MJG 00 CV 2174 |
| This Document Relates to ALL ACTIONS | : : : |  |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY ALL PROCEEDINGS DURING THE PENDENCY OF THEIR APPEALS TO THE FOURTH CIRCUIT**

Defendants Joseph K. Rensin and Richard J. Palmer ("Defendants") hereby reply to "Plaintiffs' Opposition to Defendants' Motion to Stay All Proceedings During Pendency of Their Appeal[s]" (the "Opposition").[1]

Notwithstanding Plaintiffs' argument that this Court should ignore Defendants' Section 1291 appeal, the law is clear that the pendency of that appeal confers upon Defendants a right not to endure the burdens imposed by proceedings that relate to the claims of the unnamed class members. Contrary to Plaintiffs' contention, these proceedings include not only such matters as notice to the class (which even Plaintiffs concede must not occur while Defendants' appeals are pending), but the sweeping merits discovery that Plaintiffs have proposed. Much of this discovery is not relevant to the claims of the individual Plaintiffs, and it is beyond serious dispute that none of the representative Plaintiffs would, solely for the sake of recovering their relatively

---

[1] Defendants' initial Memorandum of Points and Authorities in Support of Defendants' Motion to Stay All Proceedings During the Pendency of Their Appeals to the Fourth Circuit, filed on August 1, 2003, will be referred to as the "Memorandum" or "Mem."; Defendants' Memorandum in Opposition to Plaintiffs' Motion for Renewal of the Motion for Approval of Partial Settlement, filed May 29, 2003, will be referred to as the "Settlement Opposition."

insignificant individual damages, take merits discovery on the scale that Plaintiffs have proposed in this case.

Apart from the automatic stay of proceedings required by the pendency of Defendants' Section 1291 appeal, Plaintiffs concede that a discretionary stay is appropriate where a case would involve "a massive amount of discovery" that an appellate ruling in a Rule 23(f) appeal would potentially obviate. That clearly is the case here. The potential waste of this Court's resources, and the massive economic burden on the parties and third parties, outweighs any supposed "prejudice" that a delay may cause the Plaintiffs. Therefore, as further discussed below, all proceedings in this Court should be stayed.

> **A. The Pendency of Defendants' § 1291 Appeal Requires a Stay of All Matters Related to the Claims of the Unnamed Class Members**

As discussed in Defendants' Memorandum and Settlement Opposition, in <u>Estate of Kennedy v. Bell</u>, 283 F.3d 1107 (9th Cir. 2002), the Ninth Circuit Court of Appeals held that a statute of repose is analogous to a qualified immunity or double jeopardy defense in that it is an explicit right to avoid the burdens of litigation, the denial of which supports an immediate appeal as of right. Courts have repeatedly held that, although interlocutory in nature, a collateral order appeal based on such a right to avoid the burdens of litigation results in an automatic, non-discretionary stay of discovery and other proceedings. <u>See</u> Settlement Opposition at 4-5; Mem. at 2. Any other rule would destroy a defendant's rights created by the immunity defense and the collateral order doctrine.

While not directly taking issue with these propositions, Plaintiffs advance two arguments why discovery should continue: (1) in their view "it is unlikely that the Fourth

2

Circuit will adopt, choose to apply, or even address the opinion in <u>Estate of Kennedy</u>," Opposition at 3; and (2) "[t]he discovery depositions that plaintiffs want to pursue have nothing to do with the class issues on appeal" and "will be exactly the same whether the plaintiffs are a class of shareholders or a group of individual shareholders." Opposition at 4.

The first point – Plaintiffs' apparent disagreement with the Ninth Circuit's holding in <u>Estate of Kennedy</u> and their speculation that the Fourth Circuit will decline to follow <u>Estate of Kennedy</u> – deserves little discussion. An appellant is not required to "[e]stablish[]," Opposition at 2, to his opponent's satisfaction that appellate jurisdiction exists. All that is necessary to divest the district court of jurisdiction under Section 1291 is the filing of a notice of appeal supported by a non-frivolous claim of appellate jurisdiction. <u>See, e.g.</u>, <u>Apostol v. Gallion</u>, 870 F.2d 1335, 1339 (7th Cir. 1989) (only a frivolous notice of appeal is insufficient to divest the district court of jurisdiction); <u>Bombardier v. National Railroad Passenger Corp.</u>, 333 F.3d 250, 252 (D.C. Cir. 2003) (all that is required for automatic stay of district court proceedings is a "facially non-frivolous" appeal). Plaintiffs cannot contend that the Ninth Circuit's holding in <u>Estate of Kennedy</u> is insufficient to establish a basis for appellate jurisdiction. Unless and until the Fourth Circuit determines to create a split in the circuits and dismisses the appeal, Defendants' invocation of appellate jurisdiction pursuant to 28 U.S.C. §1291 automatically divests the district court of jurisdiction over any and all proceedings relating to the claims of the unnamed class members. And, as fiduciaries of the absent class members, the lead and representative Plaintiffs are not entitled to pursue their individual claims.

Plaintiffs' second point – that discovery will be "exactly the same" regardless of whether the class is decertified – is incorrect. For example, if the Fourth Circuit agrees with Defendants that the claims of the unnamed class members are time-barred, there will be no need for discovery as to whether any statement other than those allegedly relied upon by the individual Plaintiffs was materially false or misleading or as to class damages. Equally important, it is obvious that the scope of discovery on liability issues in any individual action would be far narrower and less burdensome for Defendants. No rational person in Plaintiffs' position would, solely for the sake of recovering his individual damages, assert the need to take 45 fact depositions, pay for economic experts, and take the other costly steps that Plaintiffs have already proposed. See Rand v. Monsanto Co., 926 F.2d 596, 599 (7th Cir. 1991) ("No (sane) [representative plaintiff] would pay the entire costs of a class action in exchange for [his individual recovery]."). As indicated by the reasoning of Apostol and other similar cases, Plaintiffs simply have no right to foist the burdens of onerous class discovery on Defendants while an appeal based on a right to be free from litigating these class claims is pending.

**B.    The Circumstances of This Case Also Support a Discretionary Stay Given the Fourth Circuit's Decision Authorizing an Appeal Pursuant to Fed. R. Civ. P. 23(f)**

Defendants' Memorandum also demonstrates that, even setting aside the pendency of the Section 1291 appeal, this Court should exercise its discretion pursuant to Fed. R. Civ. P. 23(f) to grant a stay of all proceedings given the massive amount of discovery Plaintiffs seek – the total costs of which almost certainly will greatly exceed

4

those in a typical non-securities class action[2] and could run into the millions of dollars – and the significant probability that proceedings in the Fourth Circuit may substantially alter the appropriate scope of proceedings in this Court, eliminate the need for any class proceedings, or terminate this case altogether.

Plaintiffs acknowledge that a discretionary stay of proceedings is appropriate when the case involves "a massive amount of discovery" that an appellate decision might obviate. Opposition at 4 (discussing In re Healthcare Corp. Sec. Litig., 75 F.3d 276, 280 (7th Cir. 1996)). See also Opposition at 6, quoting Blair v. Equifax Check Services, Inc., 181 F.3d 832, 835 (7th Cir. 1999) (recognizing that a stay is warranted if "the probability of error in the class certification decision is high enough that the costs of pressing ahead in the district court exceed the costs of waiting.").[3]

However, Plaintiffs repeat their contention that "whether the [class certification order] is reversed or affirmed, the discovery on defendants' liability will have to be taken." Opposition at 4. To the contrary, as discussed, if the Fourth Circuit decertifies

---

[2] See, e.g., Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 739 (1975) ("litigation under Rule 10b-5 presents a danger of vexatiousness different in degree and in kind from that which accompanies litigation in general").

[3] Citing language from two Seventh and Eleventh Circuit decisions that were among the first to apply Fed. R. Civ. P. 23(f), Plaintiffs suggest that stays based on Rule 23(f) appeals are not automatic and may even be infrequent. See Opposition at 1, 6 (citing Prado-Steiman v. Bush, 221 F.3d 1266, 1273 n.8 (11th Cir. 2000) and Blair v. Equifax Check Services, Inc., 181 F.3d 832, 835 (7th Cir. 1999)). Although the Fourth Circuit has drawn on aspects of both of these decisions, it has never detailed the circumstances under which a stay should be granted pending a Rule 23(f) appeal. What the Fourth Circuit has expressly stated, however, is that (unlike the Eleventh Circuit decision in Prado-Steiman) consideration of the merits is the principal factor that "operates on a sliding scale to determine the strength of the necessary showing regarding the other Prado-Steiman factors." Lienhart v. Dryvit Sys., Inc., 255 F.3d 138, 145-46 (4th Cir. 2001). Moreover, in contrast to the Seventh and Eleventh Circuits, which frequently accept Rule 23(f) appeals, see Carey M. Erhard, A Discussion of the Interlocutory Review of Class Certification Under Federal Rule of Civil Procedure 23(f), 51 Drake L. Rev. 151, 174 (2002), the Fourth Circuit almost never does so. In fact, the instant case appears to be only the second Rule 23(f) appeal that the Fourth Circuit has accepted since the rule was promulgated in 1998. Consequently, through its sparing use of Rule 23(f), the Fourth Circuit has already factored in the need to avoid routinely disrupting district court proceedings in class actions that other circuits may have accomplished by declining to issue stays.

5

the class, far less discovery would be necessary. In fact, the Fourth Circuit's disposition may terminate even the claims of the lead plaintiffs and therefore obviate the need for *any* discovery: as demonstrated in the Memorandum, to no relevant response from Plaintiffs, in considering whether class certification was proper, courts of appeals have repeatedly considered, for example, whether the claims of the representative plaintiffs are timely. See Mem. at 4-5 & n.4.[4]

Plaintiffs suggest in a footnote that the Fourth Circuit's decision to grant the Rule 23(f) petition is no necessary indication of the Court's view of the merits. See Opposition at 6-7 n.4. But even setting aside that Plaintiffs do not dispute that Defendants' appeals involve a number of issues as to which there are substantial grounds for a difference of opinion, a recent study of Rule 23(f) appeals found that, in **over 77%** of the published cases in which 23(f) review was granted, the circuit court either vacated or reversed class certification or affirmed the denial of class certification. See Carey M. Erhard, A Discussion of the Interlocutory Review of Class Certification Under Federal Rule of Civil Procedure 23(f), 51 Drake L. Rev. 151, 174 (2002). The author concludes that "this data … [indicates] that if a Rule 23(f) petition is granted the circuit court will likely either vacate the grant of class certification or affirm the denial of class certification." Id.

---

[4] Although Plaintiffs do not and cannot question the propriety, in the Rule 23(f) context, of an appellate ruling on whether the named plaintiffs' claims were timely filed, they suggest that such issues pertain only to this Court's order denying Defendants' motions to dismiss. Plaintiffs ignore, however, that in their opposition to class certification, Defendants incorporated by reference their arguments on these issues. See Defendants' Opposition to Plaintiffs' Motion for Class Certification at 8 n.4 (filed December 30, 2002). In certifying the class, this Court necessarily concluded that the representative plaintiffs had standing to assert the class claims and that their claims were timely. The fact that this Court did not feel it necessary to repeat its reasons for rejecting Defendants' statute of limitations and standing arguments in its class certification order is of no consequence.

Observing that "witnesses' memories fail … with the passage of time," Plaintiffs also claim they will be "severely prejudice[d]" if discovery is deferred while the Fourth Circuit resolves Defendants' appeals. Opposition at 7. However, given that, as Plaintiffs state, "[t]he events in this case are now four to six years old," Opposition at 8, it strains credulity to suggest that an additional delay will have any meaningful impact on witnesses' memories.[5] Indeed, given that this case has been in the discovery phase for approximately a year during which Plaintiffs have failed to take any discovery depositions, Plaintiffs' expression of concern about witnesses' fading memories appears disingenuous. Any prejudice that Plaintiffs may suffer is minimal and is dwarfed by the massive waste of the Court's resources and the economic burden upon Defendants and third parties if Plaintiffs are allowed to proceed with broad, unnecessary discovery.

Finally, it is noteworthy that, under Plaintiffs' own proposed discovery schedule, ***fact discovery cannot end until after the Fourth Circuit rules on Defendants' appeals.*** Page 2 of Plaintiffs' letter brief in support of their Motion To Extend Deadlines And Allow More Than Ten Fact Depositions states that "[i]n view of the Fourth Circuit's grant of defendants' 23(f) petition, it is not appropriate to proceed with respect to the pendency of the class action as to defendants Rensin and Palmer." Given this concession and Plaintiffs' additional request that discovery continue for "30 days after the Effective Date of plaintiffs' settlement with Davis," Plaintiffs' Motion to Extend Deadlines at 1, under the terms of Plaintiffs' convoluted proposal, discovery will not end until after the Fourth Circuit's ruling on Defendants' appeals because the Davis settlement cannot be approved absent notice to the class. See Fed. Rule Civ. P. 23 (c)(2), (e) (mandating

---

[5] Although they have not done so, in order to minimize any delay, Plaintiffs have the option to seek expedited review in the Court of Appeals.

7

notice to the class). Plaintiffs' argument that notice to the class is unnecessary, which they reference in their letter brief, was incorrect in the circumstances in which it originally was made and it is incorrect now. The Fourth Circuit decision upon which Plaintiffs relied for the proposition that notice was not required for the Davis settlement, Shelton v. Pargo, Inc., 582 F.2d 1298 (4th Cir. 1978), was expressly predicated on the fact that the case *was at the pre-certification stage* and that any settlement at that stage binds only the individual plaintiff and not absentee class members. Id. at 1314-15. Now that this Court has certified a class in a decision under review by the Fourth Circuit, it cannot be seriously disputed that notice to the class is required before the Davis settlement may be approved. Amchem Products, Inc. v. Windsor, 521 U.S. 591, 620-622 (1997) ("Rule 23(e), on settlement of class actions … was designed to function as an additional requirement, not a superseding direction); Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 176-77 (1974) ("individual notice to identifiable class members … is ... an unambiguous requirement of Rule 23 … designed to fulfill requirements of due process to which the class action procedure is of course subject.").

It serves little purpose for Plaintiffs merely to *begin* fact discovery when there is a significant possibility that little or no discovery will be necessary or that other plaintiffs and their chosen counsel will have to repeat the process. Cf. Lienhart v. Dryvit Sys., Inc., 255 F.3d 138, 145-46 (4th Cir. 2001) (judicial resources are "waste[d]" when "self-evidently defective classes would proceed through trial to final decertification on appeal and a requirement that the process begin again from square one").

8

## **CONCLUSION**

For the foregoing reasons and for the reasons stated in the Memorandum and the Settlement Opposition, Defendants respectfully request that all proceedings in this Court be stayed pending the Fourth Circuit's resolution of Defendants' appeals.

Date: September 2, 2003

                              Respectfully submitted,

                              /s/
                        KIRKPATRICK & LOCKHART LLP
Charles Lee Eisen (Bar No. 02538)
Jeffrey B. Maletta (Bar No. 11852)
Nicholas G. Terris (Bar No. 015124)
Jon A. Stanley
1800 Massachusetts Avenue, N.W.
Washington, D.C. 20036-1800
Tel: 202.778.9077
Fax: 202.778.9100
Counsel for Defendant Joseph K. Rensin

                              /s/
FULBRIGHT & JAWORSKI L.L.P.
Matthew H. Kirtland (Bar No. 26089)
(signed by Nicholas G. Terris with permission of Matthew H. Kirtland)
Stephen M. McNabb
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2623
Tel: (202) 662-0200
Fax: (202) 662-4643
Counsel for Defendant Richard J. Palmer