**Kirkpatrick & Lockhart** LLP

1800 Massachusetts Avenue, NW
Suite 200
Washington, DC 20036-1221
202.778.9000
www.kl.com

September 8, 2003

Charles Lee Eisen
202.778.9077
Fax: 202.778.9100
ceisen@kl.com

**BY FACSIMILE and REGULAR MAIL**

Honorable Marvin J. Garbis
United States District Court
 for the District of Maryland
101 West Lombard Street
Baltimore, MD 21201

  Re: In Re Creditrust Corp. Securities Litigation
    Civil Action No. MJG 00-CV-2174

Dear Judge Garbis:

  We represent Defendant Joseph K. Rensin in the above-referenced matter. I write to apprise the Court of certain recent events relating to the Motion to Stay All Proceedings During the Pendency of Defendants' Appeals to the Fourth Circuit (the "Motion") that was filed on behalf of our client and Defendant Richard J. Palmer.

  As discussed in the Motion, Defendants filed two separate but overlapping appeals of this Court's class certification order pursuant to 28 U.S.C. § 1291 and Fed. R. Civ. P. 23(f), respectively.

  After Defendants filed their reply memorandum in support of the Motion, the Fourth Circuit issued two orders, copies of which are attached. In the first, issued on September 3, 2003, the Fourth Circuit dismissed Defendants' § 1291 appeal. Mr. Rensin accordingly withdraws the argument predicated on the pendency of that appeal.

  In the second order, issued on September 4, 2003, the Fourth Circuit set a briefing schedule in the 23(f) appeal. The order provides for the following filing deadlines: October 14 for Defendants' opening brief; 30 days after service of Defendants' opening brief for Plaintiffs' brief; and 14 days after service of Plaintiffs' brief for Defendants' reply brief. The order demonstrates that the merits of Defendants' appeal will soon be before the Fourth Circuit.

  Meanwhile, Plaintiffs have purported to schedule third party depositions and document productions during September and October, notwithstanding that the period for fact discovery set by the Court ended on August 29[1] and this Court's August 4 letter

---

[1]  See Paragraph 3.a. of the Revised Management Order in this case dated September 10, 2002 and modified by this Court's subsequent orders of September 19, 2002, and December 12, 2002.

DC-592734

BOSTON ■ DALLAS ■ HARRISBURG ■ LOS ANGELES ■ MIAMI ■ NEWARK ■ NEW YORK ■ PITTSBURGH ■ SAN FRANCISCO ■ WASHINGTON

**Kirkpatrick & Lockhart** LLP

Honorable Marvin J. Garbis
September 8, 2003
Page 2

states that consideration of Plaintiffs' request for new discovery deadlines will be deferred pending resolution of the Motion to Stay.² We learned from a third party of Plaintiffs' plans to conduct depositions. Plaintiffs did not extend Defendants' counsel the courtesy of contacting us to discuss mutually convenient dates.

As the recent events described above reinforce, discovery in this case will be a large, time-consuming, and at times contentious undertaking, possibly costing millions of dollars and requiring the Court's involvement. Expending judicial and private resources on such a scale makes little sense given the significant possibility that the Fourth Circuit's decision may obviate the need for all or most of such discovery, or require that discovery be conducted by other plaintiffs and their chosen counsel. It seems particularly important to avoid the distraction of discovery disputes during a period when the parties should be focused on briefing their respective positions on appeal.

Against this backdrop, we renew our request for an order staying proceedings in this Court pending the Fourth Circuit's ruling on Defendants' Rule 23(f) appeal.

Very truly yours,

Charles Lee Eisen

Enclosures
c:  Jeffrey B. Maletta, Esq.
    Nicholas G. Terris, Esq.
    Stephen M. McNabb, Esq. (by facsimile)
    Matthew Kirtland, Esq. (by facsimile)

---

² As we informed Plaintiffs, the law is clear that a discovery deadline may not be extended without the Court's permission, even if the parties so stipulate. See, e.g., Fed. R. Civ. P. 16(b) (scheduling order entered by a district judge "shall not be modified except ... by leave of the district judge"); Olgyay v. Society for Environmental Graphic Design, Inc., 169 F.R.D. 219 (D.D.C. 1996).

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

FILED
September 3, 2003

No. 03-1615
CA-00-2174-MJG

BARRY KIMMELMAN; TERRI ROOP; JONATHAN K. MACK; BETH C. MACK; MICHAEL ENDRIZZI

    Plaintiffs - Appellees

and

RONALD J. CONLON, Individually and on behalf of all others similarly situated; ANNIE GRAHAM; DOYLE BREWINGTON; LARRY R. ROMINE, Individually and on behalf of all others similarly situated; ROY T. TEPPER, JR.

    Plaintiffs

v.

JOSEPH K. RENSIN; RICHARD J. PALMER

    Defendants - Appellants

and

J. BARRY DUMSER; JOHN L. DAVIS; JEFFERSON B. MOORE; FREDERICK WILLIAM GLASSBERG; JOHN MORAN; MICHAEL S. WITLIN; HARRY PAPPAS; FERRIS, BAKER, WATTS, INCORPORATED; BOENNING & SCATTERGOOD, INCORPORATED

    Defendants

ORDER

The appellees' have filed a motion to dismiss and the appellants have filed a response.

The Court grants the motion.

Entered at the direction of Judge Wilkinson with the concurrence

of Chief Judge Wilkins and Judge Michael.

                                For the Court,

                                /s/ Patricia S. Connor
                                _____
                                    CLERK

F I L E   C O P Y
UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

FILED
September 4, 2003

03-1687 Rensin v. Kimmelman

**BRIEFING ORDER**

Briefs and the appendix shall be served and filed within the time provided in the following schedule:

| | |
|---|---|
| Appellants' brief/Appendix | 10/14/03 |
| Appellee's brief | 30 days after service of brief of appellant |
| Reply brief (if any) | 14 days after service of brief of appellee |

If this case involves more than one appellant or appellee, or is a case consolidated for purposes of the appeal, all parties to a side shall join in a single brief, unless the Court has granted a motion for leave to file separate briefs pursuant to Local Rules 28(a) and 28(d). All parties to a side shall share the time allowed for oral argument. Each side must notify the Court of the attorney who has been designated as lead counsel within 10 days of the date of this order.

After the briefing schedule in this case has been completed, the Court may review this case to determine the need for oral argument before the Clerk prepares the oral argument calendar. Pursuant to Local Rule 34(a), the Court may, on its own initiative and without prior notice, screen an appeal for decision on the parties' briefs without oral argument. If your case is selected for the oral argument calendar, you will receive notice that your case has been tentatively calendared for a specific court session approximately 30 days in advance of the session, and any motion to submit the appeal on briefs, voluntarily dismiss the appeal, continue argument to another date, or seek other relief which may affect oral argument must be filed by a deadline established in the notice.

Counsel are reminded that failure of the appellant to timely file a brief will cause the Court to initiate the process for dismissing a case under Local Rule 45, impose discipline pursuant to Local Rule 46(g), or both. Failure of the appellee to timely file a brief may result in the loss of the right to be heard at oral argument and in the imposition of discipline pursuant to Local Rule 46(g). Any motion for an extension of time to file a brief must be filed well in advance of the date the brief is due and must set forth the additional time requested and the reasons for the request. The Court discourages these motions, and grants extensions only when extraordinary circumstances exist. Local Rule 31(c).

If an appeal has not been scheduled for a mediation conference, but counsel believes such a conference would be beneficial, counsel should contact the Office of the Circuit Mediator directly at (843) 521-4022, and a mediation conference will be scheduled. In such a case, the reason for scheduling the conference will be kept confidential.

cc: Lawrence Joseph Quinn
    Elizabeth W. Fox
    Todd S. Collins
    Charles Lee Eisen
    Jeffrey B. Maletta
    Nicholas G. Terris
    Stephen M. McNabb
    Matthew H. Kirtland