# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re CREDITRUST CORPORATION SECURITIES LITIGATION | : : : | CIVIL ACTION NO. MJG 00 CV 2174 |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation") is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the Court, this Stipulation is entered into among Lead Plaintiffs (as defined below) and Class Representatives (collectively, "Plaintiffs"), on behalf of themselves and the Class (as hereinafter defined), and Defendants Joseph K. Rensin ("Rensin") and Richard J. Palmer ("Palmer") (collectively, "Settling Defendants"), by and through their respective counsel.

**WHEREAS:**

A.    Beginning on July 14, 2000, several class actions alleging violations of federal securities laws were filed and subsequently consolidated by Order of the Court entered January 25, 2001 under the caption above, and are hereinafter collectively referred to as the "Action".

B.    The Consolidated Amended Class Action Complaint (the "Amended Complaint") was filed on May 7, 2001, alleging, among other things, that Rensin violated §§ 10(b) and 20(a) of the Securities and Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t, and §11 and §15 of the Securities Act of 1933, by (among other things) making false and misleading statements in an attempt to inflate the price of the stock of Creditrust Corporation to benefit himself as a significant shareholder, and that Palmer violated § 20(a) of the Securities and Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t, and §11 and §15 of the Securities Act of 1933.

C.    The Settling Defendants filed motions to dismiss the Amended Complaint. These motions were fully briefed and argued by the parties.

D.      The Court denied Settling Defendants' motions to dismiss by Order dated August 1, 2002.

E.      Settling Defendants' Motion for Permission to Appeal the Court's Motion to Dismiss Order was denied by the United States Court of Appeals for the Fourth Circuit on October 25, 2002.

F.      After briefing and argument, the Court granted Plaintiffs' Motion for Class Certification on April 29, 2003.  The Court certified a class under Fed. R. Civ. P. 23 of all persons who purchased Creditrust common stock during the period July 28, 1998 through May 31, 2000, inclusive, and who suffered damage as a result of their purchase.  The Court also certified two subclasses: (1) the "Securities Act Subclass" which consisted of all persons who purchased Creditrust common stock pursuant to the Registration Statement with respect to Creditrust's Initial Public Offering between July 28, 1998 and March 18, 1999; and (2) the "Exchange Act Subclass" which consisted of all persons who purchased the common stock of Creditrust between July 28, 1999 and May 31, 2000.  Excluded from both subclasses were Defendants, their immediate families, any entity in which Defendants had a controlling interest, and the legal affiliates, representatives, heirs, controlling persons, successors or predecessors in interest, and assigns of Defendants.

G.      On June 19, 2003, the United States Court of Appeals for the Fourth Circuit granted Settling Defendants' motion for permission to appeal the Court's Order granting class certification under Fed R. Civ. P. 23(f).  This appeal was briefed by the parties and was pending before the United States Court of Appeals for the Fourth Circuit at the time of this settlement.

H.      Settling Defendants deny any wrongdoing, fault, liability or damage to Plaintiffs and the Class, deny that they engaged in any wrongdoing, deny that they committed any violation of law, deny that they acted improperly in any way, believe that they acted properly at all times, and assert that the Action has no merit. In light, however, of the uncertainty and the risk of the outcome of any litigation, especially complex securities litigation, and the difficulties

2

and substantial expense and length of time necessary to defend this proceeding through summary judgment motions, trial, post-trial motions, and appeals, Settling Defendants have decided to enter into this Stipulation. To eliminate the burden and expense of further litigation, Settling Defendants wish to settle the Action against them on the terms and conditions stated in this Stipulation, and to put the Settled Claims (as defined below) to rest finally and forever, without in any way acknowledging any wrongdoing, fault, liability or damage to Plaintiffs and the Class. Nothing in this Stipulation or in the exhibits attached hereto shall in any event be construed or deemed to be evidence of an admission or concession on the part of either Settling Defendant with respect to any claim, or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Settling Defendants have asserted.

I.     Plaintiffs' Counsel have conducted a thorough investigation relating to the claims and the underlying events and transactions alleged in the Amended Complaint, and Plaintiffs believe their claims are meritorious. Plaintiffs' Counsel have analyzed the evidence adduced during pretrial discovery and have researched the applicable law with respect to the claims of Plaintiffs and the Class against the Settling Defendants and the potential defenses thereto. This Stipulation shall not be construed or deemed to be a concession by any Plaintiff of any infirmity in the claims asserted in the Action.

J.     Plaintiffs, by their counsel, have conducted arm's length negotiations with counsel for Settling Defendants with respect to a compromise and settlement of the Action with a view to settling the issues in dispute and achieving the best relief possible consistent with the interests of the Class.

K.     Based upon their investigation and pretrial discovery as set forth above, Plaintiffs' Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Plaintiffs and the Class, and in their best interests, and have agreed to settle the claims raised in the Action against the Settling Defendants pursuant to the terms and provisions of this Stipulation, after considering (a) the substantial benefits that Plaintiffs and Class Members

will receive from this Settlement (as defined below), (b) the attendant risks of litigation, and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

NOW THEREFORE, without any admission or concession on the part of Plaintiffs of any lack of merit of the Action whatsoever, and without any admission or concession of any liability or wrongdoing or lack of merit in the defenses whatsoever by the Settling Defendants, it is hereby STIPULATED AND AGREED, by and among the parties to this Stipulation, through their respective attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties hereto from the Settlement, that all Settled Claims (as defined below) against the Released Parties (as defined below) shall be compromised, settled, released and dismissed with prejudice, upon and subject to the following terms and conditions:

<u>**CERTAIN DEFINITIONS**</u>

1.    As used in this Stipulation, the following terms shall have the following meanings:

(a)    "Creditrust" means Creditrust Corporation.  Creditrust filed for bankruptcy protection and is not a defendant in this Action.

(b)    "Authorized Claimant" means a Class Member who submits a timely and valid Proof of Claim form to the Claims Administrator (as defined below) and whose claim is directed to be accepted in the class distribution order.

(c)    "Claims Administrator" means the firm of Heffler, Radetich & Saitta, L.L.P., which shall administer the Settlement.

(d)    "Class" and "Class Members" mean all Persons (as defined below) who purchased the common stock of Creditrust between July 28, 1998 and May 31, 2000, inclusive, and who suffered damage as a result of their purchase, and any such Person's respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents,

subsidiaries, affiliates, employers, employees, agents, insurers, directors, managing directors, officers, partners, principals, members, attorneys, financial and other advisors, investment bankers, underwriters, lenders, stockholders, attorneys, corporations, partnerships, trusts, limited liability companies, and any other entities in which such Persons have a legal or beneficial ownership or interest. Excluded from the Class are any putative Class Members who exclude themselves by timely submitting a request for exclusion. Also excluded are Defendants, their immediate families, any entity in which any Defendant has a controlling interest, and the legal affiliates, representatives, heirs, controlling persons, successors or predecessors in interest, or assigns of any Defendant.

(e)     "Class Period" means the period between July 28, 1998 and May 31, 2000, inclusive.

(f)     "Class Representatives" means Barry Kimmelman, Terri Roop, Jonathan K. Mack, Beth C. Mack, and Michael Endrizzi, their heirs, executors, administrators, successors and assigns.

(g)     "Court" means the United States District Court for the District of Maryland.

(h)     "Defendants" means the persons named as defendants in the Amended Complaint.

(i)     "Effective Date" means the date upon which the Settlement contemplated by this Stipulation shall become effective, as set forth in paragraph 27 below.

(j)     "Lead Plaintiffs" are Barry Kimmelman and Terri Roop who were certified as class representatives, their heirs, executors, administrators, successors and assigns

(k)     "Insurer" means Philadelphia Indemnity Insurance Company.

(l)     "Notice" means the Notice of Hearing on Proposed Class Action Settlement, Notice of Motion for Award of Attorneys' Fees and Expenses, and Notice of Right to

Share in Settlement Fund, which is to be sent to Class Members substantially in the form attached hereto as Exhibit 1 to Exhibit A.

(m)    "Notice Costs" means costs incurred in connection with preparing, mailing and publishing the Notice and Publication Notice (as defined below), responding to nominees' requests for additional copies of the Notice, tallying the number of opt outs, costs billed to the Claims Administrator by the nominees and associated correspondence and telephone costs, and related costs.

(n)    "Order and Final Judgment" means the proposed order to be entered approving the Settlement substantially in the form attached hereto as Exhibit B.

(o)    "Person" means any natural person or any business, legal or governmental entity or association.

(p)    "Plaintiffs' Counsel" means all plaintiffs' counsel and includes Plaintiffs' Lead Counsel (as defined below).

(q)    "Plaintiffs' Lead Counsel" means Berger & Montague, P.C.

(r)    "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Class substantially in the form attached hereto as Exhibit A.

(s)    "Publication Notice" means the Summary Notice of proposed settlement and hearing for publication substantially in the form attached as Exhibit 3 to Exhibit A.

(t)    "Released Parties" means Settling Defendants, all other Defendants, Insurer, and their respective parents, subsidiaries, affiliates, stockholders, attorneys, predecessors, agents, heirs, executors, successors, assigns, and corporations, partnerships, trusts, limited liability companies, and any other entities in which a Released Party has a legal or beneficial ownership or interest.

(u)    "Settled Claims" means any and all claims, debts, suits, demands, liabilities, rights and causes of action, however denominated and of every nature and description

6

whatsoever without limitation (including, without limitation, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, foreign, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class, derivative, or individual in nature, including both known claims and Unknown Claims (as defined in paragraph (dd) below):  (i) that have been asserted in this Action against any of the Released Parties, including without limitation any claim arising out of or relating to any of the acts, omissions, misrepresentations, facts, events, matters, transactions or occurrences referred to in the Action or otherwise alleged, asserted or contended in the Action; or (ii) that arise out of, are based upon or relate in any way to an investment in Creditrust.  Without limiting the generality of the foregoing, Settled Claims also include any and all claims, rights, demands, causes of action, or suits arising out of, relating to, or in connection with the Settlement or the defense or resolution of the Action against the Released Parties (including Unknown Claims), except claims to enforce the Settlement or any of its terms.

(v)    "Settled Defendants' Claims" means any and all claims, rights, demands, causes of action or suits by either Settling Defendant against any of the Plaintiffs, Class Members or their attorneys, that arise out of or relate to the institution, prosecution, or settlement of the Action, except claims arising out of or relating to the obligations of the Plaintiffs, Class Members or their attorneys embodied in this Stipulation or the implementation or enforcement of this Stipulation or the Settlement of the Action.

(w)    "Settlement" means the settlement as set forth in this Stipulation.

(x)    "Settlement Escrow Account" means the interest-bearing account established by the Settlement Escrow Agents (as defined below) pursuant to Court order and subject to Court oversight for the deposit of the Settlement Fund (as defined below).

(y) "Settlement Escrow Agents" means Berger & Montague, P.C., Fulbright & Jaworski L.L.P., and Kirkpatrick & Lockhart, LLP.

(z) "Settlement Fund" means the Settlement Amount as defined in paragraph 4 together with all interest or other income as stated in paragraph 9.

(aa) "Settling Defendants' Counsel" means Fulbright & Jaworski L.L.P. and Kirkpatrick & Lockhart, LLP.

(bb) "Taxes" means taxes, including any interest and penalties, owed with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed with respect to any income earned by the Settlement Fund following the deposit of the Settlement Amount, or portion thereof, by Rensin and Insurer with the Settlement Escrow Agents.

(cc) "Tax Expenses" means the expenses and costs related to Taxes incurred in connection with the Settlement, including but not limited to expenses of tax attorneys and/or accountants and expenses relating to filing, or failing to file, required tax returns.

(dd) "Unknown Claims" means (i) any and all Settled Claims that any Plaintiff or Class Member does not know or suspect to exist in his, her or its favor as of the Effective Date, including, without limitation, claims that if known by him, her or it might have affected his, her or its decision(s) to settle with and release the Released Parties or not to object to the Settlement, and (ii) any and all Settled Defendants' Claims which any Settling Defendant does not know or suspect to exist in his favor, including, without limitation, claims that if known by him might have affected his decision with respect to the Settlement.

## SCOPE AND EFFECT OF SETTLEMENT

2. The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action and any and all Settled Claims and any and all Settled Defendants' Claims.

8

3.     (a)     Pursuant to the Order and Final Judgment, upon the Effective Date of this Settlement, Plaintiffs and all Class Members shall be deemed to release and forever discharge, and shall forever be enjoined from prosecuting, the Settled Claims against any of the Released Parties regardless of whether any Class Member submits a valid and timely Proof of Claim.

(b)     Pursuant to the Order and Final Judgment, upon the Effective Date of this Settlement, Plaintiffs and all Class Members shall be deemed to have covenanted not to sue and shall be barred and enjoined from suing on any Settled Claims.

(c)     The Proof of Claim to be executed by Plaintiffs and Class Members shall release all Settled Claims against the Released Parties and shall be substantially in the form contained in Exhibit A-2 hereto. Upon the Effective Date, Plaintiffs and all Class Members shall be bound by the release and covenant not to sue set forth in this Stipulation and the Order and Final Judgment, whether or not they submit a valid and timely Proof of Claim.

(d)     Pursuant to the Order and Final Judgment, upon the Effective Date of this Settlement, each of the Settling Defendants shall release and forever discharge each and every one of the Settled Defendants' Claims, and shall forever be enjoined from prosecuting the Settled Defendants' Claims.

(e)     With respect to any and all Settled Claims and Settled Defendants' Claims, the parties stipulate and agree that upon the Effective Date and by operation of the Order and Final Judgment, Plaintiffs and Settling Defendants shall have expressly, and all Class Members shall be deemed to have, waived and relinquished to the fullest extent provided by law the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Also, with respect to any and all Settled Defendants' Claims, the Settling Defendants shall, and with respect to any and all Settled Claims, the Plaintiffs shall and all Class Members shall be deemed to, and by operation of the Order and Final Judgment shall, waive any and all provisions,

rights, and benefits conferred by the law of any state or territory of the United States or any other jurisdiction, or principle of common law, which is similar, comparable or equivalent to Cal. Civ. Code § 1542. The Plaintiffs, Class Members and Settling Defendants may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Settled Claims or Settled Defendants' Claims but hereby stipulate and agree that the Plaintiffs, Class Members and Settling Defendants, do, and by operation of the Order and Final Judgment shall, upon the Effective Date, fully, finally and forever settle and release any and all Settled Claims and Settled Defendants' Claims, respectively, known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed upon any theory of law or equity, including, but not limited to, conduct which is negligent, intentional, with or without malice, or breach of any duty, law, or rule of any jurisdiction, without regard to subsequent discovery or existence of such different or additional facts. Plaintiffs and Settling Defendants acknowledge, and Class Members and Released Parties by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Settled Defendants' Claims was separately bargained for and was a key element of the Settlement of which the releases are a part.

## THE SETTLEMENT CONSIDERATION

4.    In full and final settlement of the Action and the Settled Claims, the Settling Defendants have deposited the sum of Seven Million Five Hundred Thousand Dollars ($7,500,000.00) (the "Settlement Amount") paid by Rensin and Insurer, which sum constitutes the entire consideration to be paid by or on behalf of the Settling Defendants pursuant to the Settlement. Payment by Rensin and the Insurer shall be the sole source for payment of the Settlement Amount and in no event shall the Released Parties or any other person or entity be required to pay any other amounts in payment of any aspect of this Settlement, including, without limitation, payment to the Class Members of their attorneys' fees or reimbursement of any other expenses, including Taxes and Tax Expenses. Settling Defendants shall not be

responsible for the distribution of the Settlement Fund or the administration thereof, and shall have no further or other liability or obligations to any person, including but not limited to Plaintiffs, Plaintiffs' Counsel, the Claims Administrator or any of the Class Members with respect to the Settled Claims or Settlement except as expressly stated in this Stipulation.

5.    The Settlement Amount has been paid by Rensin and Insurer into the Settlement Escrow Account pursuant to the Memorandum of Understanding.

6.    Prior to the Effective Date, any and all Notice Costs, Taxes, and Tax Expenses to date shall be approved by Plaintiffs' Counsel and shall be paid out of the Settlement Fund on notice to Settling Defendants' Counsel

7.    Upon and after the Effective Date, Kirkpatrick & Lockhart, LLP and Fulbright & Jaworski L.L.P. shall cease to be Settlement Escrow Agents and:  (i) any unpaid Taxes and Tax Expenses; (ii) any unpaid award of attorneys' fees and expenses; if and to the extent allowed by the Court; (iii) any unpaid Notice Costs and (iv) any unpaid administrative expenses shall be paid out of the Settlement Fund. The balance of the Settlement Fund after the above payments and net of any additional Taxes, Tax Expenses and administration expenses, including settlement administration costs and any further Notice Costs, shall be the "Net Settlement Fund," which shall be distributed to the Authorized Claimants pursuant to order of the Court, provided that the Effective Date has occurred.

8.    The Settlement Escrow Agents shall promptly invest any funds in the Settlement Escrow Account in excess of $100,000 in short term instruments backed by the full faith and credit of the United States Government (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon. Any funds held in escrow in an amount of less than $100,000 may be held in an interest bearing bank account insured by the FDIC.

9.    All interest or other income earned by the Settlement Escrow Account shall become part of the Settlement Fund and shall inure to and be for the benefit of the Class if the Effective Date occurs. If the Effective Date does not occur, all such interest or other income shall

inure to the benefit of Settling Defendants and shall be returned to Rensin and Insurer in accordance with the provisions of paragraph 29(a).

10.     All funds held in the Settlement Escrow Account or invested by the Settlement Escrow Agents pursuant to paragraph 8 shall be deemed in custodia legis of the Court and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed, pursuant to this Stipulation and/or further order(s) of the Court.

11.     The parties hereto intend that the Settlement Fund be a "qualified settlement fund" for federal income tax purposes pursuant to Treasury Regulation section 1 .468B-1, and to that end the parties hereto shall not take a position in any filing or before any tax authority that is inconsistent with such treatment.

(a)     The Claims Administrator and, as reasonably requested and required by the Claims Administrator, Plaintiffs and the Settling Defendants, shall jointly and timely make such elections as are necessary to carry out the provisions of this paragraph, including a "relation back election" as described in Treas. Reg. § 1 .468B-l(j)(2) to the earliest permitted date so as to enable the Settlement Fund to be treated as a qualified settlement fund from the earliest date possible. Such election shall be made in compliance with the procedures and requirements contained in such regulation. It shall be the responsibility of the Claims Administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties and thereafter take all such actions as may be necessary or appropriate to that end.

(b)     For the purposes of section 468B of the Internal Revenue Code of 1986, 26 U.S.C. § 468B, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Claims Administrator. The Claims Administrator shall timely and properly file all informational and tax returns necessary or advisable for the Settlement Fund prior to and after the Effective Date, and shall pay from the Settlement Fund any Taxes and Tax Expenses owed with respect to the Settlement Fund.

(c)    The Released Parties and the Settlement Escrow Agents shall have no liability or responsibility for the payment of any Taxes or Tax Expenses. The Settlement Fund shall indemnify and hold the Released Parties and Settlement Escrow Agents harmless for any Taxes or Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification or attorneys' fees or expenses that arise out of or relate in any way to Taxes or Tax Expenses).

(d)    The parties hereto agree to cooperate with the Claims Administrator, one another, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

12.    All (i) Taxes or estimated taxes on the income of the Settlement Fund, including, without limitation, any interest and penalties determined to be due thereon, or any taxes or tax detriments that may be imposed upon Settling Defendants with respect to any income earned by the Settlement Fund, for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) reasonable expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants, and mailing and distribution costs and expenses relating to filing the returns described in paragraph 11(b)) shall be paid out of the Settlement Fund, shall be considered to be a cost of administration of the Settlement and shall be timely paid by the Claims Administrator without further order of the Court, and the Claims Administrator shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Class Members any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation section 1.468B-2).

13.    The Settlement Escrow Agent and the Claims Administrator shall not use or disburse all or any part of the Settlement Fund except as provided by this Stipulation or an order of the Court.

## ADMINISTRATION

14.     The Claims Administrator shall administer the Settlement under Plaintiffs' Counsel's supervision and subject to the jurisdiction of the Court. Settling Defendants and Settling Defendants' Counsel shall have no responsibility for the administration of the Settlement and shall have no liability to any Person including without limitation the Class or Plaintiffs' Counsel in connection with such administration.

15.     Except as expressly stated in this Stipulation, all payments of Notice Costs, Taxes, Tax Expenses any other fees to the Claims Administrator, any other cost of administering the Settlement Fund and/or related expenses, and attorneys' fees and reimbursement of expenses awarded by the Court shall be paid by the Settlement Fund and not by Plaintiffs, Plaintiffs' Counsel, Class Members, Settling Defendants, or Settling Defendants' Counsel. Except as expressly stated in this Stipulation, there shall be no liability on the part of Plaintiffs, Plaintiffs' Counsel, Class Members, Settling Defendants, or Settling Defendants' Counsel for Notice Costs, administration expenses, Taxes, Tax Expenses, any fees or costs of the Claims Administrator, any other costs of administering the Settlement Fund and/or related expenses, and attorneys' fees and reimbursement of expenses awarded by the Court.

## ATTORNEYS' FEES AND EXPENSES

16.     Plaintiffs' Counsel state that they will submit an application to the Court for an award from the Settlement Fund of attorneys' fees and expenses, including expenses of Lead Plaintiffs and Class Representatives, and interest thereon, in an amount to be set forth in the Notice to the Class.  Such attorneys' fees, expenses and interest as are awarded by the Court shall be payable from the Settlement Fund to Plaintiffs' Counsel within five days of entry of the Court's Order with respect to attorneys' fees and expenses, provided the Court has entered the Order and Final Judgment.  Prior to any such payment being made before the Effective Date, Plaintiffs' Counsel shall supply a letter(s) of credit, in form reasonably satisfactory to the Settling Defendants, securing the amount of any such payment.  In the event that such payment

occurs before the Effective Date, Plaintiffs' Counsel will be required to reimburse all amounts paid, plus interest, in the event the Effective Date does not occur. Plaintiffs' Counsel reserves the right to make additional applications to the Court for reimbursement from the Settlement Fund for fees and expenses and interest thereon relating to the administration of the Settlement or any appeals; provided, that no such additional fees and expenses, shall be due, owing or payable from the Settlement Fund unless and until the Effective Date occurs. The Released Parties shall take no position with respect to any such application.

17. The procedures for any allowance or disallowance by the Court of any applications by Plaintiffs' Counsel for attorneys' fees or expenses or interest thereon are not part of the Settlement set forth in this Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, adequacy, and reasonableness of the Settlement set forth in this Stipulation. Any order or proceedings related to the fees or expenses or interest thereon, application, or any appeal from any order relating thereto or reversal or modification thereof, shall not modify, terminate, or cancel this Stipulation, or affect or delay the finality of the Order and Final Judgment approving the Stipulation and the Settlement of the Action.

18. The Released Parties shall have no responsibility for, and no liability whatsoever with respect to the fee and expense and costs application or the allocation of any fees or expenses or interest thereon awarded by the Court or made among Plaintiffs' Counsel.

## ADMINISTRATION EXPENSES

19. Plaintiffs' Counsel will apply to the Court for an order (the "Class Distribution Order") approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the claims submitted herein and approving any fees or expenses or interest thereon not previously applied for, including unpaid fees and expenses of the Claims Administrator; provided that no such fees and expenses shall be due, owing or payable from the Settlement Fund unless and until the Effective Date occurs except for Notice Costs and Tax

Expenses. If the Effective Date has occurred, Plaintiffs' Counsel thereafter will apply to the Court for an order directing payment of the Net Settlement Fund to Authorized Claimants.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

20.    The Claims Administrator shall determine each Authorized Claimant's pro rata share of the "Net Settlement Fund" based upon each Authorized Claimant's Recognized Claim as defined in the Plan of Allocation described in the Notice annexed hereto as Exhibit 1 to Exhibit A, or in such other Plan of Allocation as the Court approves.

21.    The Plan of Allocation proposed in the Notice is not a necessary term of this Stipulation, and it is not a condition of this Stipulation that the Plan of Allocation be approved. In the event the Plan of Allocation is not approved, the terms of this Stipulation remain binding upon Plaintiffs, Class Members, and Settling Defendants.

22.    Each Authorized Claimant shall be allocated a pro rata share of the Net Settlement Fund based on his or her Recognized Claim compared to the total Recognized Claims of all accepted claimants as determined by the terms of this Stipulation as defined in the Plan of Allocation described in the Notice annexed hereto as Exhibit 1 to Exhibit A, or in such other Plan of Allocation as the Court approves. The Settling Defendants shall not be entitled to recover any of the settlement monies after the Effective Date.

23.    Plaintiffs' Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund by the Claims Administrator. The procedures governing the administration of the Settlement shall be as set forth in the Notice to the Class.  Settling Defendants shall have neither the right nor the duty to participate in the manner in which the Net Settlement Fund is distributed to the Class.

## SUPPLEMENTAL AGREEMENT

24.    Plaintiffs' Lead Counsel and Settling Defendants' Counsel have executed a "Supplemental Agreement" setting forth certain conditions under which this Stipulation and its exhibits may be withdrawn or terminated by the Settling Defendants if potential Class Members

16

who purchased in excess of a certain number of shares of Creditrust common stock outstanding as of the close of the Class Period properly exclude themselves from the Settlement. The Supplemental Agreement shall not be filed with the Court unless a dispute arises as to its terms. In the event of a withdrawal from this Stipulation pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect except for paragraph 29.

## TERMS OF PRELIMINARY APPROVAL ORDER

25.     Within ten (10) business days after this Stipulation has been fully executed, Plaintiffs' Counsel shall apply to the Court for entry of the Preliminary Approval Order in the form annexed hereto as Exhibit A.

## TERMS OF ORDER AND FINAL JUDGMENT

26.     If the Settlement contemplated by this Stipulation is approved by the Court, Plaintiffs' Counsel and Settling Defendants' Counsel jointly shall request that the Court enter an Order and Final Judgment substantially in the form annexed hereto as Exhibit B.

## EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION

27.     The Effective Date of Settlement shall be the date when all the following shall have occurred:

(a)     entry of the Preliminary Approval Order in substantially the form annexed hereto as Exhibit A;

(b)     approval by the Court of the Settlement, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

(c)     entry by the Court of the Order and Final Judgment, in substantially the form set forth in Exhibit B annexed hereto, and (1) the expiration of the time to file a notice of appeal from the Order and Final Judgment pursuant to Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, without any appeal having been taken, or (2) the dismissal of any appeal or the affirmance of the Order and Final Judgment on appeal, and (i) the expiration of the time for filing a petition for a writ of certiorari, without the filing of any petition, or (ii) the denial of any

petition for a writ of certiorari and the expiration of the time to seek reconsideration of such denial, or denial of such request for reconsideration, or, if such petition is granted, the affirmance of the Order and Final Judgment. In the event that the Court enters an Alternative Judgment (as defined in paragraph 28 below) and neither the Plaintiffs nor the Settling Defendants elect to terminate this Settlement pursuant to paragraph 28, the date that such Alternative Judgment becomes final is the same as that provided under this paragraph for the Order and Final Judgment. Under no circumstances shall an appeal or petition for a writ of certiorari pertaining solely to the proposed Plan of Allocation and/or Plaintiffs' Counsel's fee and expense application or an award thereof delay or preclude the Effective Date.

28.     Settling Defendants or Plaintiffs shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other parties hereto within thirty (30) days of the date that: (a) the Court declines to enter the Preliminary Approval Order or enters a preliminary approval order in lieu of the Preliminary Approval Order that is not virtually identical to the form of Exhibit A hereto; (b) the Court refuses to approve this Stipulation or any material part of it; (c) the Court declines to enter the Order and Final Judgment or enters an order and final judgment in lieu of the Order and Final Judgment that is not virtually identical to the form of Exhibit B hereto (an "Alternative Judgment"); (d) the Order and Final Judgment is modified or reversed by the United States Court of Appeals for the Fourth Circuit or the United States Supreme Court; (e) an Alternative Judgment is modified or reversed by the United States Court of Appeals for the Fourth Circuit or the United States Supreme Court, or (f) if permitted by the terms of the Supplemental Agreement.

29.     In the event that this Stipulation is terminated or canceled as provided herein or in the Supplemental Agreement, or that the Effective Date is prevented from occurring as provided herein, and the parties, in their sole and unfettered discretion, do not agree to modify this Stipulation and the Settlement is not consummated, then:

(a)    the Settlement Escrow Agents shall, within ten (10) business days after receiving written notification of such termination, cancellation or prevention, refund to the Insurer and Rensin, in the same proportions as their original deposit into the Settlement Escrow Account, the Settlement Fund, less any Taxes or Tax Expenses due with respect to such income and Notice Costs actually incurred and paid or payable;

(b)    the parties will return to the position they occupied vis-a-vis each other and the Action as of the date of the execution of this Stipulation except as expressly stated in this Stipulation;

(c)    Settling Defendants' right to pursue their Fed.R.Civ.P.23(f) appeal of the Court's Class Certification Order to the United States Court of Appeals for the Fourth Circuit shall be preserved; and

(d)    the Stipulation and the Settlement shall be null and void and have no further force or effect, and shall not be referred to, admissible in or introduced in any other way for any reason in any proceeding, except for the reasons stated in paragraph 30(a).

## NO ADMISSION OF WRONGDOING

30.    This Stipulation, whether or not consummated, and any proceedings taken pursuant to it:

(a)    shall not be offered or received against the Settling Defendants or against the Plaintiffs or the Class for any purpose including as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal or administrative action or proceeding, except for such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Settling Defendants may refer to it to effectuate the liability protection granted them hereunder;

(b)    shall not be construed against the Settling Defendants or the Plaintiffs and the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

(c)    shall not be construed as or received in evidence as an admission, concession or presumption against Plaintiffs or the Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund; and

(d)    shall not be construed as or received in evidence as an admission, concession or presumption against the Released Parties that any of their defenses are without merit or that any damages are recoverable under the Complaint.

## WARRANTIES

31.    Plaintiffs and Plaintiffs' Counsel represent and warrant that none of the Settled Claims have been assigned, encumbered or in any manner transferred in whole or in part. Settling Defendants and Settling Defendants' Counsel represent and warrant that none of the Settled Defendants' Claims has been assigned, encumbered or in any manner transferred in whole or in part.

## MISCELLANEOUS PROVISIONS

32.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

33.    If a case is commenced concerning the Insurer under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver or conservator is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by the Insurer on behalf of the Settling Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and is, in fact, returned, and such amount is not promptly deposited to the Settlement Fund by others, then, at the election of Plaintiffs, the

parties shall jointly move the Court to vacate and set aside the releases given and Order and Final Judgment entered in favor of the Settling Defendants pursuant to this Stipulation, which releases and Order and Final Judgment shall be null and void, and the parties shall be restored to their respective positions in the Action immediately prior to the execution of this Stipulation and any cash amounts in the Settlement Fund or the Net Settlement Fund shall be returned as provided in paragraph 29(a) above.

34.    The parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or that could be asserted by the Plaintiffs and Class Members against the Released Parties with respect to the Settled Claims. Accordingly, Plaintiffs, Class Members and Settling Defendants agree not to assert in any forum that the litigation was brought by Plaintiffs or defended by Settling Defendants in bad faith or without a reasonable basis. The parties hereto and their respective counsel shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Action. The parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's length in good faith by the parties, and reflect a Settlement that was reached voluntarily after consultation with experienced legal counsel.

35.    This Stipulation may not be modified or amended, nor may any of its provisions be waived except by a writing signed by or on behalf of each of the parties hereto or their successors-in-interest.

36.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and expenses to Plaintiffs' Counsel and enforcing the terms of this Stipulation.

37.    The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

38.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among the parties hereto concerning the Settlement of the Action, and no representations, warranties, or inducements have been made by any party hereto concerning this Stipulation and its exhibits and the Supplemental Agreement other than those contained and memorialized in such documents.

39.     This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the parties to this Stipulation shall exchange among themselves original signed counterparts.

40.     This Stipulation shall be binding upon, and inure to the benefit of the parties, and the parties' present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, employers, employees, agents, insurers, directors, managing directors, officers, partners, principals, members, attorneys, financial and other advisors, investment bankers, underwriters and lenders.

41.     The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of the State of Maryland without regard to conflicts of laws, except to the extent that federal law requires that federal law governs. Any dispute relating to this Stipulation shall be brought exclusively in the United States District Court for Maryland, and each of the parties agrees to not contest subject matter jurisdiction or personal jurisdiction for any such dispute brought in this court. This is a mandatory forum selection clause.

42.     This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the parties. It is recognized that this Stipulation is the result of arm's-length negotiations between the parties and all parties have contributed substantially and materially to the preparation of this Stipulation.

43.    All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.


Dated: _____ ____, 2005                     Dated: January 19, 2005

**BERGER & MONTAGUE, P.C.**                    **FULBRIGHT & JAWORSKI L.L.P.**
**BY:**                                        **BY:**

_____                      _____
Todd S. Collins, Esquire                       Stephen M. McNabb, Esquire
Elizabeth W. Fox, Esquire                      Matthew H. Kirtland, Esquire
Berger & Montague, P.C.                        Fulbright & Jaworski L.L.P.
1622 Locust Street                             801 Pennsylvania Avenue, NW
Philadelphia, PA 19103                         Washington, D.C. 20004-2623
(215) 875-3000                                 (202) 662-0200

*Attorneys for Plaintiffs and the Class*       *Attorneys for Palmer*

Dated: _____ ____, 2005

**KIRKPATRICK & LOCKHART, LLP**
**BY:**


_____
Charles Lee Eisen, Esquire
Nicholas G. Terris, Esquire
1800 Massachusetts Avenue N.W.
Washington, D.C. 20036
(202) 778-9000

*Attorneys for Rensin*

43.   All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

Dated: January 19, 2005

**BERGER & MONTAGUE, P.C.**
**BY:**

Todd S. Collins, Esquire
Elizabeth W. Fox, Esquire
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

*Attorneys for Plaintiffs and the Class*

Dated: _____ ____, 2005

**KIRKPATRICK & LOCKHART, LLP**
**BY:**

Charles Lee Eisen, Esquire
Nicholas G. Terris, Esquire
1800 Massachusetts Avenue N.W.
Washington, D.C. 20036
(202) 778-9000

*Attorneys for Rensin*

Dated: January 19, 2005

**FULBRIGHT & JAWORSKI L.L.P.**
**BY:**

Stephen M. McNabb, Esquire
Matthew H. Kirtland, Esquire
Fulbright & Jaworski L.L.P.
801 Pennsylvania Avenue, NW
Washington, D.C. 20004-2623
(202) 662-0200

*Attorneys for Palmer*

23