EXHIBIT

A-1

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND**

------------------------------------------------------x
IN RE CREDITRUST CORPORATION      :   Civil Action No. MJG 00-CV-2174
SECURITIES LITIGATION                          :
------------------------------------------------------x

NOTICE OF HEARING ON PROPOSED CLASS ACTION
SETTLEMENT, NOTICE OF MOTION FOR AWARD OF
ATTORNEYS' FEES AND EXPENSES, AND NOTICE
OF RIGHT TO SHARE IN SETTLEMENT FUND

## If you bought Creditrust Common Stock between July 28, 1998 and May 31, 2000 (inclusive), you could get a payment from a class action Settlement.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- The Settlement will provide $7.5 million in cash plus interest to pay claims from investors who bought CREDITRUST CORP. common stock between July 28, 1998 and May 31, 2000 (inclusive), and who suffered damage as a result. This represents an average of $1.51 per share (for the estimated 4.95 million outstanding shares available for public purchase), before deduction of expenses. See Question 8 below.

- Attorneys for Plaintiffs intend to ask the Judge (referred to in this document as "the Court") to award them fees of up to 30% of the Settlement and up to $325,000 for reimbursement of litigation expenses and Plaintiffs' reasonable expenses, or an average of $0.52 per share. If approved by the Court, these amounts will be paid from the Settlement Fund. The costs of notice, settlement administration and taxes will also be paid from the Settlement Fund. See Questions 8 and 16 below.

- The Settlement would resolve a lawsuit alleging that certain persons, including two of Creditrust's principal officers, Joseph Rensin and Richard Palmer (the "Settling Defendants"), misled investors about Creditrust's financial results in its initial public offering and other filings with the SEC as well as other public statements. The Settling Defendants strongly deny the allegations in the lawsuit. The parties disagree on liability and damage issues. See Question 4 below.

- Your legal rights are affected whether you act, or don't act. Read this notice carefully.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| SUBMIT A CLAIM FORM | This is the only way to get a payment. |
|---|---|
| EXCLUDE YOURSELF | You will get no payment. This is the only option that allows you to attempt to pursue your own lawsuit about the legal claims in this case. |
| OBJECT | You may write to the Court about why you don't like the Settlement, the legal fees and expenses or the Plan of Allocation. |
| GO TO A HEARING | You may ask to speak in Court about the fairness of the Settlement, the legal fees and expenses or the Plan of Allocation. |
| DO NOTHING | You will get no payment. You will give up your rights. |

· These rights and options—**and the deadlines to exercise them**—are explained in this notice.

· The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeals are resolved and claims are processed. Please be patient.

· Further information regarding this Settlement may be obtained by contacting: Plaintiffs' Counsel: Todd Collins, Berger & Montague, P.C., 1622 Locust Street, Phila., PA, 19103-6365, Telephone: 215-875-3000.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION    PAGE 4**
1. Why did I get this Notice package?
2. What is this lawsuit about?
3. What is a class action?
4. Why is there a Settlement?

**WHO IS IN THE SETTLEMENT    PAGE 6**
5. How do I know if I am part of the Settlement?
6. Are there exceptions to being included?
7. I'm still not sure if I am included.

**THE SETTLEMENT BENEFITS—WHAT YOU GET    PAGE 7**
8. What does the Settlement provide?
   a. What is the Settlement Fund?
   b. What can I expect to receive under the proposed Settlement?

**HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM    PAGE 8**
9. How can I get a payment?

Questions?    Call 1-800-528-7199 Toll Free, or Visit www.hrsclaimsadministration.com

10. When would I get my payment?
11. What am I giving up to get a payment or stay in the Class?

EXCLUDING YOURSELF FROM THE SETTLEMENT    PAGE 10
12. How do I exclude myself from the Settlement?
13. If I don't exclude myself, can I sue for the same thing later?
14. If I exclude myself, can I get money from the Settlement?

THE LAWYERS REPRESENTING YOU    PAGE 11
15. Do I have a lawyer in the case?
16. How will the lawyers be paid?

OBJECTING TO THE SETTLEMENT ... PAGE 12
17. How do I object to the Settlement?
18. What's the difference between objecting and being excluded?

THE COURT'S SETTLEMENT HEARING    PAGE 13
19. When and where will the Court decide whether to approve the Settlement?
20. Do I have to come to the hearing?
21. May I speak at the hearing?

IF YOU DO NOTHING    PAGE 14
22. What happens if I do nothing at all?

GETTING MORE INFORMATION    PAGE 14
23. How do I get more information about the Settlement?

UNDERSTANDING YOUR PAYMENT - THE PLAN OF ALLOCATION    PAGE 14

SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES   PAGE 17

INQUIRIES    PAGE 17

Questions?    Call 1-800-528-7199 Toll Free, or Visit
www.hrsclaimsadministration.com

# BASIC INFORMATION

1. **Why did I get this Notice package?**

   You or someone in your family may have purchased Creditrust common stock between July 28, 1998 and May 31, 2000 (inclusive) (the "Class Period").

   The court in charge of the case is the United States District Court for the District of Maryland and the case is known as *In re Creditrust Corp. Securities Litigation,* Civil Action No. MJG 00-CV-2174. The people who sued are called Plaintiffs, and two of the individuals they sued -- Joseph Rensin and Richard Palmer -- are called the Settling Defendants. Creditrust Corp. is not a defendant because it was in bankruptcy. Other defendants were dismissed by the Court at an earlier stage in this case. Another defendant, John Davis, is being released in this Settlement along with the Settling Defendants.

   The Court sent you this notice because you have a right to know about a proposed Settlement of this class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and resolves any objections or appeals, then an administrator will process the claims received and distribute the payments that the Settlement permits. You can track the progress of the Settlement by visiting: www.hrsclaimsadministrator.com.

   This package explains the lawsuit, the Settlement, your legal rights, the benefits that are available, who is eligible for them, and how to obtain them.

2. **What is this lawsuit about?**

   The lawsuit alleges that Settling Defendants misled investors by misrepresenting Creditrust's financial results in its filings with the SEC at the time of Creditrust's initial public offering and in its later filings and public statements. The lawsuit alleges that Creditrust and the Settling Defendants made false claims about its success and alleges that the price of Creditrust's stock was artificially inflated. The lawsuit alleges that investors who paid for the stock at inflated prices were damaged when the truth came out, and the stock price went down. Settling Defendants strongly deny they did anything wrong.

Questions?        Call 1-800-528-7199 Toll Free, or Visit
www.hrsclaimsadministration.com

3. **What is a class action?**

In a class action, one or more persons and/or entities called Class Representatives (in this case the Plaintiffs) sue on behalf of all people and/or entities who have similar claims. All of these people and/or entities are referred to as a Class, or individually, as Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. In this case, the Court's decision that the case could proceed as a Class Action was on appeal at the time of Settlement.

4. **Why is there a Settlement?**

The giving of this notice is not meant to imply that there has been any violation of the law, or that a recovery after a trial could be had if the action is not settled. The Settling Defendants have strongly denied, and continue to deny, any liability or any wrongdoing whatever in connection with the claims in this action and have asserted various defenses. The Court has not yet passed on the merits of Plaintiffs' claims or any of the Settling Defendants' defenses.

Plaintiffs have agreed to settle the lawsuit based on the facts they have discovered during the litigation, and the risks they would have faced if they had continued the lawsuit. Plaintiffs also agreed to settle based on their conclusion that the proposed Settlement is fair, reasonable and adequate, and that the Settlement serves the best interests of the Class members. Plaintiffs' Counsel represents the interests of the Class Members. Plaintiffs' Counsel have determined that by settling, they avoid the costs and risks of further litigation, while at the same time providing compensation to the Class Members. Plaintiffs and Plaintiffs' Counsel believe that the Settlement is best for all Class Members.

Plaintiffs and Settling Defendants do not agree on the average amount of damages per share that would be recoverable if Plaintiffs were to prevail on each claim asserted. The issues on which the parties disagree include but are not limited to: (1) whether Settling Defendants made any false or misleading statements; (2) whether any statements made were false, material or otherwise actionable under the federal securities laws; (3) whether Settling Defendants intended to mislead when they made any statements; (4) the extent to which external factors, such as general market conditions, influenced the trading price of Creditrust common stock during the Class Period; (5) and whether or not any alleged misstatements or omissions affected the trading price of Creditrust common stock.

While Settling Defendants have strongly denied, and continue to strongly deny, all charges of wrongdoing and do not concede liability, they desire to settle the action on the

Questions?      Call 1-800-528-7199 Toll Free, or Visit
www.hrsclaimsadministration.com

basis proposed in order to put to rest all further controversy, and to avoid the substantial expense and inconvenience and distraction of burdensome and protracted litigation.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to decide if you are a Class Member.

5. **How do I know if I am part of the Settlement?**

   The Court decided that persons who fit the following description are Class Members:

   > *All persons who purchased the common stock of Creditrust between July 28, 1998 through May 31, 2000 (inclusive), and who suffered damage as a result of their purchase.*

6. **Are there exceptions to being included?**

   You are not a Class Member if you are or were a Defendant. The Class also excludes immediate family members of Defendants, Defendants' legal representatives, heirs, predecessors, successors and assigns and any entity in which any Defendant has or had a controlling interest, or is controlled by any Defendant.

   If one of your mutual funds owns Creditrust common stock, that alone does not make you a Class Member. You are a Class Member only if you personally purchased Creditrust common stock during the Class Period. Contact your broker to see if you hold or have held Creditrust common stock that you bought between July 28, 1998 and May 31, 2000 (inclusive).

   If you sold Creditrust common stock during the Class Period, that does not make you a Class Member. You are a Class Member only if you bought Creditrust common stock during the Class Period.

   If you exclude yourself from the Class, you are not a part of the Class.

7. **I'm still not sure if I am included.**

   If you are still not sure whether you are included in the Class, you can ask for free help. You can call 1-800-528-7199 for more information. Or you can fill out and return the claim form attached to this Notice to see if you qualify.

Questions?       Call 1-800-528-7199 Toll Free, or Visit www.hrsclaimsadministration.com

# THE SETTLEMENT BENEFITS—WHAT YOU GET

**8.    What does the Settlement provide?**

On May 24, 2004, the Plaintiffs and Settling Defendants arrived at a proposed Settlement of the lawsuit. The proposed Settlement requires the Court's approval. The terms of the proposed Settlement are summarized below. The full Settlement terms are contained in a Stipulation and Agreement of Settlement ("Stipulation") dated _____, 2005. You can get a copy of the Stipulation by writing to Plaintiffs' Counsel: Todd Collins, Berger & Montague, P.C., 1622 Locust Street, Philadelphia, PA 19103 or by visiting www.hrsclaimsadministration.com.

**a.    What is the Settlement Fund?**

The proposed Settlement calls for Settling Defendants to create a settlement fund in the amount of $7.5 million in cash, plus whatever interest accrues after the fund's creation ("Gross Settlement Fund"). It is estimated that approximately 4.95 million shares of Creditrust common stock were issued to the public during the Class Period. Thus, the $7.5 million recovery represents an average of $1.51 for each publicly available share. This per share recovery is only an estimate and can vary as explained below. (Note that, to the extent that particular Creditrust shares were purchased more than once during the Class Period, this average recovery would be divided among the various purchasers who sold at a loss or held at the end of the Class Period.)

Subject to the Court's approval, a portion of the Gross Settlement Fund also will be used to pay Plaintiffs' attorneys' fees, and reasonable litigation expenses. See Question 16 below. A portion of the Gross Settlement Fund also will be used to pay taxes due on interest earned by the Gross Settlement Fund and notice or claims administration expenses permitted by the Court. After these deductions from the Gross Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Class Members who submit valid claims.

**b.    What can I expect to receive under the proposed Settlement?**

Your share of the Net Settlement Fund will depend on: (1) the number of claims filed; (2) the price of the shares you bought; (3) whether you sold your shares during the Class Period, or held your shares past the end of the Class Period; (4) the amount of administrative costs, including the costs of notice and settlement administration; and (5) the amount awarded by the Court for attorneys' fees and expenses.

Questions?        Call 1-800-528-7199 Toll Free, or Visit www.hrsclaimsadministration.com

By following the Plan of Allocation at the end of this notice, you will be able to calculate your "Recognized Claim." Your Recognized Claim may not be the amount you will receive in the Settlement. The Claims Administrator will distribute the Net Settlement Fund, according to the Plan of Allocation after the deadline for submission of Proof of Claim and Release forms has passed, and all claims have been processed.

## HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM

9.   **How can I get a payment?**

To qualify for payment, you must send in a Proof of Claim and Release Form. This claim form is attached to this Notice. You may also obtain a claim form on the Internet at www.hrsclaimsadministration.com. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it postmarked no later than _____, 2005 to:

>      Claims Administrator
>      Creditrust Securities Litigation
>      Heffler, Radetich & Saitta, L.L.P.
>      P.O. Box \_\_\_\_\_
>      Philadelphia, PA 19105 - _____

The Claims Administrator will process your claim and advise you if you are an "Authorized Claimant" – meaning that your claim satisfies the requirements approved by the Court.

10.   **When would I get my payment?**

The Court will hold a hearing on _____, 2005, to decide whether to approve the Settlement. Even if the Court approves the Settlement, there may be appeals that would delay the implementation of the Settlement. It's always uncertain when such appeals can be resolved, perhaps taking more than a year. After the approval of the Settlement, and the resolution of any appeals, the Claims Administrator must process all of the claim forms. Everyone who sends in a claim form will be informed of the approval or disapproval of their claim. Please be patient. You can also track the progress of the Settlement by visiting: www.hrsclaimsadministrator.com.

Questions?        Call 1-800-528-7199 Toll Free, or Visit
www.hrsclaimsadministration.com

**11.   What am I giving up to get a payment or to stay in the Class?**

If you are a Class member, unless you exclude yourself, you will remain in the Class. That means that if the Settlement is approved, you and all Class Members will release (can't sue, continue to sue, or be part of any other lawsuit) all "Settled Claims," against the Settling Defendants and the "Released Parties" about the legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you. Please see the definitions below of all of the terms that are in quotations. If you sign the claim form, you will agree to the "Release" on the claim form, which describes exactly the legal claims that you give up if you get Settlement benefits.

## DEFINITIONS

"Settling Defendants" means Joseph K. Rensin and Richard J. Palmer.

"Released Parties" means Settling Defendants, all other Defendants, the Insurer, and their respective parents, subsidiaries, affiliates, stockholders, attorneys, predecessors, agents, heirs, executors, successors, assigns, and corporations, partnerships, trusts, limited liability companies, and any other entities in which a Released Party has a legal or beneficial ownership or interest.

"Settled Claims" means any and all claims, debts, suits, demands, liabilities, rights and causes of action, however denominated and of every nature and description whatsoever without limitation (including, without limitation, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, foreign, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class, derivative, or individual in nature, including both known claims and Unknown Claims (as defined below):  (i) that have been asserted in this Action against any of the Released Parties, including without limitation any claim arising out of or relating to any of the acts, omissions, misrepresentations, facts, events, matters, transactions or occurrences referred to in the Action or otherwise alleged, asserted or contended in the Action; or (ii) that arise out of, are based upon or relate in any way to an investment in Creditrust. Without limiting the generality of the foregoing, Settled Claims also include any and all claims, rights, demands, causes of action, or suits arising out of, relating to, or in connection with the Settlement or the defense or resolution of the Action against the Released Parties (including Unknown Claims), except claims to enforce the Settlement or any of its terms.

"Unknown Claims" means (i) any and all Settled Claims that any Plaintiff or Class Member does not know or suspect to exist in his, her or its favor as of the Effective Date,

Questions?      Call 1-800-528-7199 Toll Free, or Visit www.hrsclaimsadministration.com

9

including, without limitation, claims that if known by him, her or it might have affected his, her or its decision(s) to settle with and release the Released Parties or not to object to the Settlement, and (ii) any and all Settled Defendants' Claims which any Settling Defendant does not know or suspect to exist in his favor, including, without limitation, claims that if known by him might have affected his decision with respect to the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this Settlement, but you want to keep the right to attempt to sue or continue to sue Settling Defendants on your own about the legal issues in this case, then you must take steps to exclude yourself from the Settlement. This is sometimes referred to as opting out of the Class. Settling Defendants have asserted that the claims of the Class Members are time barred (filed too late) and the Court of Appeals agreed to consider this issue. If you exclude yourself from the Settlement and attempt to assert your own claim, there thus is a risk that a court could dismiss your case on grounds that it is time barred.

12. **How do I exclude myself from the Settlement?**

    To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from the Settlement. Be sure to include your name, address, telephone number, and your signature, along with your transaction information showing your membership in the Class. You must mail your exclusion request postmarked no later than _____, 2005 to:

    > Claims Administrator
    > Creditrust Securities Litigation
    > Heffler, Radetich & Saitta, L.L.P.
    > P.O. Box ____
    > Philadelphia, PA 19105 - ____

    You cannot exclude yourself on the phone or by e-mail.

    If you send a letter asking to be excluded, you do not submit a Proof of Claim and Release Form, you will not receive a Settlement payment, you cannot object to the Settlement, and you cannot participate in the Court's Settlement Hearing. You will not be legally bound by anything that happens in this lawsuit.

13. **If I don't exclude myself, can I sue for the same thing later?**

    No.

Questions?       Call 1-800-528-7199 Toll Free, or Visit www.hrsclaimsadministration.com

10

**14. If I exclude myself, can I get money from the Settlement?**

No. If you exclude yourself, do not send in a claim form to ask for any money. But, you may be able to start a different lawsuit against Settling Defendants, though there is a risk that a court could dismiss your lawsuit on grounds that it was filed too late.

## THE LAWYERS REPRESENTING YOU

**15. Do I have a lawyer in this case?**

The Court approved the law firm of Berger & Montague, P.C. to represent you and the other Class Members. These lawyers are called Plaintiffs' Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense, but it is not necessary to have your own lawyer.

**16. How will the lawyers be paid?**

Plaintiffs' Counsel have expended considerable time and expense litigating this action on a contingent fee basis, and have paid in advance the expenses of litigation with their own money with the expectation that, if they were successful in recovering money for the Class, they would receive fees and be reimbursed for their expenses from the Settlement Fund, as is customary in this type of litigation. Therefore, Plaintiffs' Counsel will file a motion asking the Court at the Settlement Hearing (see Question 20 below) to make an award of attorneys' fees in an amount not to exceed 30% of the Gross Settlement Fund and to pay up to $325,000 for reimbursement of litigation expenses and Plaintiffs' reasonable expenses. The requested fees and expenses are estimated to be an average of $0.52 per share (based on the approximately 4.95 million shares of Creditrust common stock that were available for public purchase in May 2000). The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Gross Settlement Fund. The costs of notice, settlement administration and taxes will also be paid from the Settlement Fund.

Questions?   Call 1-800-528-7199 Toll Free, or Visit www.hrsclaimsadministration.com

11

## OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, AND/OR THE REQUEST FOR ATTORNEYS' FEES AND EXPENSES

You can tell the Court that you don't agree with the Settlement or some part of it, the Plan of Allocation, and/or Plaintiffs' Counsel's request for payment of attorney's fees and reimbursement of expenses. (This request includes a request for expenses of Plaintiffs, as well as expenses of Plaintiffs' Counsel.)

**17. How do I object to the Settlement?**

If you are a Class Member, you can object. You can state why you think the Court should not approve the Settlement. The Court will consider your views. To object, you must send a letter saying that you object to the Settlement, the Plan of Allocation, and/or the request for attorney's fees and expenses. This letter should be titled "Notice of Objection to Settlement in *In re Creditrust Corp. Securities Litigation*, Civil Action No. MJG 00-CV-2174." Be sure to include your name, address, telephone number, your signature, all the reasons for your objection, and the documents showing your transactions in Creditrust stock that make you a Class Member. Be sure to mail the objection to the four different places stated below, postmarked no later than _____, 2005.

| COURT | PLAINTIFFS' COUNSEL | COUNSEL FOR DEFENDANT RENSIN | COUNSEL FOR DEFENDANT PALMER |
|---|---|---|---|
| Clerk of the Court United States District Court District of Maryland 101 West Lombard Street Baltimore, MD 20201 | Todd Collins Berger & Montague, P.C. 1622 Locust Street Philadelphia, PA 19103 | Charles Eisen Kirkpatrick & Lockhart, LLP 1800 Massachusetts Avenue Washington, DC 20036 | Stephen McNabb Fulbright & Jaworski L.L.P. 801 Pennsylvania Ave., N.W. Washington, DC 20004 |

**18. What's the difference between objecting and being excluded?**

Objecting is simply telling the Court that you don't like something about the Settlement, the Plan of Allocation, and/or the request for attorney's fees and expenses. You can object only if you stay in the Class. Even if you object you will still receive part of the Settlement if you are in the Class and an Authorized Claimant. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you, and you will not receive any part of the Settlement.

Questions?     Call 1-800-528-7199 Toll Free, or Visit www.hrsclaimsadministration.com

# THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak.

**19. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Settlement Hearing at ____ .m. on _____, 2005, at the United States District Court for the District of Maryland, 101 W. Lombard Street, Courtroom _____, Baltimore, MD 21201. At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will also consider the Plan of Allocation, and the request for attorney's fees and expenses. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Plaintiffs' Counsel for attorneys' fees and expenses. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

**20. Do I have to come to the hearing?**

No. Plaintiffs' Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**21. May I speak at the hearing?**

You may ask the Court for permission to speak at the Settlement Hearing if you have sent a written objections to the four persons listed in question 17. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *In re Creditrust Corp. Securities Litigation,* Civil Action No. MJG 00-CV-2174." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than _____, 2005, and be sent separately to the Clerk of the Court, Plaintiffs' Counsel, Counsel for Defendant Rensin, and Counsel for Defendant Palmer at the addresses listed in question 17. You may include your Notice of Intention to Appear with your written objection. If you intend to present evidence at the hearing your must identify any witness you may call and documents you intend to present at the hearing. You cannot speak at the hearing if you exclude yourself.

Questions?   Call 1-800-528-7199 Toll Free, or Visit www.hrsclaimsadministration.com

# IF YOU DO NOTHING

**22. What happens if I do nothing at all?**

If you do nothing, you will get no money from the Settlement. But, unless you exclude yourself, you will not be able to start a lawsuit or be part of any other lawsuit against Settling Defendants about the legal issues in this case, ever again.

# GETTING MORE INFORMATION

**23. How do I get more information about the Settlement?**

You can call 1-800-528-7199 toll free; write to Claims Administrator, Creditrust Corp. Securities Litigation, Heffler, Radetich & Saitta LLP, P.O. Box _____, Philadelphia, PA 19102-8549, or visit the website at www.hrsclaimsadministration.com, where you will find answers to common questions about the Settlement, a claim form, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

# UNDERSTANDING YOUR PAYMENT

# THE PLAN OF ALLOCATION

. The Net Settlement Fund will be allocated among the Authorized Claimants (defined in response to Question 9 above) in accordance with this "Plan of Allocation." The amount allocated to each Authorized Claimant is referred to as the Authorized Claimant's "Payable Claim."

. The Payable Claim will be calculated in the following manner:

Each Authorized Claimant will receive, on a pro rata basis, that share of the Net Settlement Fund that the Authorized Claimant's Recognized Loss (as defined below) bears to the total Recognized Losses of all Authorized Claimants, subject to the further provisions of this Plan of Allocation set forth below.

An Authorized Claimant's Recognized Loss will be determined as follows:

Questions?     Call 1-800-528-7199 Toll Free, or Visit www.hrsclaimsadministration.com

14

(a) For shares of Creditrust stock purchased between July 28, 1998 and December 10, 1999, inclusive, and sold on or before December 12, 1999, Recognized Losses will be capped at a maximum of ten cents ($0.10) per share, and any profits will be offset against any Recognized Losses on other transactions in Creditrust stock purchased during the Class Period.

(b) For shares of Creditrust stock purchased between July 28, 1998 and May 31, 2000, inclusive, and held after the close of business on May 31, 2000, Recognized Losses will be computed as the purchase price of the Creditrust stock (exclusive of commissions and fees) less 46 cents ($0.46) for each retained share -- representing the closing price of Creditrust shares on June 1, 2000. Any profits will be offset against any Recognized Losses on other transactions in Creditrust stock purchased during the Class Period.

(c) For shares of Creditrust stock purchased between July 28, 1998 and May 31, 2000, inclusive, and sold between December 13, 1999 through May 31, 2000, inclusive, Recognized Losses will be computed as the difference between the purchase price and the sales price of the Creditrust stock (both exclusive of commissions and fees), provided that if this difference is a negative number (meaning that Authorized Claimant made a profit on the sale) then the Recognized Loss for these shares will be zero, and any profits will be offset against any Recognized Losses on other transactions in Creditrust stock purchased during the Class Period.

(d) For purposes of determining which shares of Creditrust stock purchased during the Class Period were: (i) sold at a profit at any time during the Class Period, (ii) sold at a loss at any time during the Class Period, or (iii) were retained past May 31, 2000, all sales of Creditrust stock shall be matched on a "first-in, first-out" ("FIFO") basis, by matching the first shares sold against the first shares bought, and then on a FIFO basis against any additional shares of Creditrust stock bought during the Class Period on the basis of the assumption that the first shares of Creditrust stock bought were the first shares of Creditrust stock sold. This matching under FIFO shall be done irrespective of the different accounts in which the shares of Creditrust stock were purchased and sold unless the title or ownership of the accounts differed.

(e) The date of purchase or sale is the "contract" or "trade" date as distinguished from the "Settlement date."

(f) Short sales of shares of Creditrust stock will not be recognized for any amount of loss on the cover, purchase or closing transaction, and no Recognized Loss will be computed for any such covering purchase or closing transaction.

(g) For market makers that purchased Creditrust stock during the Class Period, Recognized Losses will be capped at a maximum of ten cents ($0.10) per share, and any profits will be offset against any Recognized Losses on other transactions in Creditrust stock purchased during the Class Period.

Questions?        Call 1-800-528-7199 Toll Free, or Visit www.hrsclaimsadministration.com

(h)  Shares "transferred into" "delivered into" or "received into" the claimant's account, will NOT be considered as purchased shares unless the claimant submits documents showing or supporting that the original purchase of the shares occurred during the Class Period. Also, shares purchased and subsequently "transferred out" or "delivered out" of claimant's account will NOT be considered part of claimant's claim, since the right to file for those shares belongs to the person or party receiving the shares.

(i)  The recipient of a grant or a gift of shares of Creditrust stock during the Class Period will not be considered to be a purchaser of shares of Creditrust stock during the Class Period. However, such a recipient will be eligible to file a Proof of Claim and Release form and participate in the Settlement to the extent the particular donor or decedent was the actual purchaser of shares of Creditrust stock within the Class period; however, the recipient and the donor or his estate may not both claim with regard to the same shares of Creditrust stock. If both the recipient and the donor or estate make such a claim, only the claim filed by the recipient will be honored.

(j)  In the interest of economy, no payment will be made to any Authorized Claimant whose Payable Claim would be less than $7.50 based on the initial allocation of the Net Settlement Fund to Authorized Claimants.

.  Nothing in this Plan of Allocation represents an admission by either of the Settling Defendants that he is liable to any Class Member for anything, that any Class Member has been damaged, or that the dollar amounts set forth in this Plan of Allocation reflect actual or potential damages to the Class.

.  Payment in the manner set forth above will be considered conclusive compliance with the Stipulation against all Authorized Claimants. All Class Members who fail to submit valid and timely Proofs of Claim will not be allowed to participate in the distribution of the Net Settlement Fund but otherwise will be bound by all of the terms of the Stipulation, including the terms of any final orders or judgments entered and the releases given.

.  No Authorized Claimant will have any claim against Plaintiffs, Plaintiffs' Counsel or the Claims Administrator, or any other agent designated by Plaintiffs' Counsel based on the distributions made substantially in accordance with the Stipulation, the Plan of Allocation, and further orders of Court. In addition, Plaintiffs' Counsel will have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim filed in the interest of achieving substantial justice.

Questions?    Call 1-800-528-7199 Toll Free, or Visit www.hrsclaimsadministration.com

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased Creditrust Common Stock during the Class Period as nominee for a beneficial owner, then within ten days after you receive this Notice, you must either: (a) send a copy of this Notice and the accompanying Proof of Claim and Release Form by first-class mail to all such beneficial owners; or (b) provide a list, electronically if possible, of the names and addresses of such beneficial owners to the Claims Administrator:

Claims Administrator
Creditrust Securities Litigation
Heffler, Radetich & Saitta, L.L.P.
P.O. Box _____
Philadelphia, PA 19105-_____

If you chose option (a) above, you may request enough forms from the Claims Administrator (at no charge) to complete your mailing. You may seek reimbursement of your reasonable expenses actually incurred in complying with these directives, subject to approval of Plaintiffs' Counsel or the Court. All communications concerning this matter should be addressed to the Claims Administrator.

## INQUIRIES

All inquiries concerning this Notice, the Proof of Claim form, or any other issues should be directed to:

**Claims Administrator**
**Creditrust Securities Litigation**
**Heffler, Radetich & Saitta, L.L.P.**
**P.O. Box _____**
**Philadelphia, PA 19105-_____**
**(800) 528-7199**
**www.hrsclaimsadministration.com**

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE**

DATED: _____, 2005      BY ORDER OF THE DISTRICT COURT:

_____
HONORABLE MARVIN J. GARBIS
UNITED STATES DISTRICT COURT JUDGE

Questions?     Call 1-800-528-7199 Toll Free, or Visit
www.hrsclaimsadministration.com

17