EXHIBIT


A-2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| ) | |
| IN RE CREDITRUST CORPORATION ) | Civil Action No. MJG 00 CV 2174 |
| SECURITIES LITIGATION ) | |
| ) | |

**PROOF OF CLAIM AND RELEASE**

IF YOU PURCHASED SHARES OF CREDITRUST CORPORATION ("CREDITRUST") COMMON STOCK DURING THE PERIOD FROM JULY 28, 1998 THROUGH MAY 31, 2000, INCLUSIVE (THE "CLASS PERIOD"), AND WERE DAMAGED THEREBY, YOU MAY WISH TO FILE A PROOF OF CLAIM FOR A POTENTIAL RECOVERY.

**GENERAL INSTRUCTIONS**

1.    In order to receive any payments to which you may be entitled as a member of the Class in the action entitled, *In re Creditrust Corporation Securities Litigation*, Civil Action No. MJG 00 CV 2174 ("the Action"), you must complete and sign this Proof of Claim and Release (the "Proof of Claim"). If you fail to submit a properly addressed Proof of Claim (as set forth in Paragraph 3 below), your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed settlement of the Action.

2.    Submission of this Proof of Claim, however, does not automatically mean that you will share in the proceeds of the settlement in the Action. You also need to qualify as an Authorized Claimant, as described in the attached Notice

3.    YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM TO THE CLAIMS ADMINISTRATOR BY FIRST CLASS MAIL POSTMARKED ON OR BEFORE _____, 2005, ADDRESSED AS FOLLOWS:

Claims Administrator
Creditrust Securities Litigation
Heffler, Radetich & Saitta, L.L.P.
P.O. Box _____
Philadelphia, PA  19105 - _____

4.    If you are a member of the Class and you do not timely request exclusion in connection with the proposed settlement, you are bound by the terms of any judgment entered in the Action, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

5.    If you are NOT a member of the Class (as defined in the attached Notice ¶5, DO NOT submit a Proof of Claim.

## CLAIM FORM

1.    If you purchased Creditrust stock and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased Creditrust stock and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.    Use Part I of this form entitled "Claimant Identification" to identify each beneficial purchaser and, if different, each record purchaser of Creditrust stock which forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS, OF THE CREDITRUST STOCK UPON WHICH THIS CLAIM IS BASED.

3.    All joint purchasers must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this form on behalf of persons represented by them and documentation establishing their current authority must accompany this claim and their titles and capacities must be stated. The Administrator may use the Social Security (or employer identification) number and telephone number of the beneficial owner in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

4.    Use Part II, Sections A and B of this form entitled "Schedule of Transactions in Creditrust Stock" to supply all required details of your transaction(s) in Creditrust stock. On the schedules, provide all of the requested information with respect to *all* of your purchases, and *all* of your sales of Creditrust stock which took place from July 28, 1998 though May 31, 2000, inclusive, regardless of whether such transactions resulted in a profit or loss. Failure to report all purchases and sales may result in the rejection of your claim.

5.    List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

6.    In computing the "total Purchase price" and the "total sales price," you must exclude brokerage commissions and transfer taxes paid by you in connection with each purchase and sale of Creditrust stock.

7.     You must attach to your claim brokers' confirmation or other documentation of your transactions in Creditrust stock, including documentation of your retention of any shares of Creditrust stock at the close of trading on May 31, 2000. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

*In re Creditrust Corporation Sec. Litig.,* Civil Action No. MJG 00 CV 2174

## PROOF OF CLAIM, RELEASE AND SUBSTITUTE FORM

Must Be Postmarked No Later Than:
_____, 2005

*Please Type or Print*

## PART I:  CLAIMANT IDENTIFICATION

_____

Beneficial Owner's Name (First, Middle, Last)

_____

Joint Beneficial Owner's Name (First, Middle, Last)

If you are a bank or other institution filing on behalf of a third-party, and an account number is needed to identify the claimant for your records, indicate account number:_____

_____

Street Address

_____

City                          State                          Zip Code

_____

Foreign Province              Foreign Country

_____

Email address:

_____

Social Security Number      -   or   -      Employer Identification Number

(_____) _____      (_____)_____
(area code) Telephone No. (daytime)      (area code) Telephone No. (evening)

4

Claimant is (check one):

Individual ____                                    IRA ____

Trust ____                                          Corporation ____

Joint Tenants in Common ____              Other (specify) _____

_____
Record Owner's Name (if different from beneficial owner listed above)

## MARKET MAKERS

**[check one]** I was _____ I was not _____ a Market Maker in Creditrust common stock during the Class Period.

**PART II: <u>SCHEDULE OF TRANSACTIONS IN CREDITRUST STOCK</u>**

    A.    PURCHASES OF CREDITRUST COMMON STOCK (From JULY 28, 1998 THROUGH MAY 31, 2000, inclusive) (must be documented):

| Trade Date(s) Month/Day/Year | Number of Shares Purchased | Price Per Share | Total Purchase Price (excluding commissions, transfer taxes of other fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

        TOTAL SHARES PURCHASED _____

    B.    SALES OF CREDITRUST COMMON STOCK (From JULY 28, 1998 THROUGH MAY 31, 2000, inclusive) (must be documented):

| Trade Date(s) Month/Day/Year | Number of Shares sold | Price Per Share | Total Sale Price (excluding commissions, transfer taxes of other fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

        TOTAL SHARES SOLD _____

    C.    Number of shares held at the close of trading on May 31, 2000 (If none, write zero):_____ (must be documented). This number should be A - B.

If you require additional space, attach extra schedules in the same format as above. Sign and print your name and taxpayer identification number on each additional page and check this line : _____

**YOU MUST READ AND SIGN THE FOLLOWING:**

**<u>SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS</u>**

       I submit this Proof of Claim and Release under the terms of the Stipulation of Settlement ("Stipulation") described in the Notice. I also submit to the jurisdiction of the United States District Court for the District of Maryland with respect to my claim as a Class Member and for purposes of enforcing the release set forth herein and any judgment that may be entered in the Action. I agree to furnish additional information to

Plaintiffs' Counsel to support this claim if required to do so. I have not submitted any other claim covering the same purchases or sales of Creditrust stock during the Class Period and know of no other person having done so on my behalf.

## DEFINITIONS

"Settling Defendants" means Joseph K. Rensin and Richard J. Palmer.

"Released Parties" means Settling Defendants, all other Defendants, the Insurer, and their respective parents, subsidiaries, affiliates, stockholders, attorneys, predecessors, agents, heirs, executors, successors, assigns, and corporations, partnerships, trusts, limited liability companies, and any other entities in which a Released Party has a legal or beneficial ownership or interest.

"Settled Claims" means any and all claims, debts, suits, demands, liabilities, rights and causes of action, however denominated and of every nature and description whatsoever without limitation (including, without limitation, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, foreign, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class, derivative, or individual in nature, including both known claims and Unknown Claims (as defined below): (i) that have been asserted in this Action against any of the Released Parties, including without limitation any claim arising out of or relating to any of the acts, omissions, misrepresentations, facts, events, matters, transactions or occurrences referred to in the Action or otherwise alleged, asserted or contended in the Action; or (ii) that arise out of, are based upon or relate in any way to an investment in Creditrust. Without limiting the generality of the foregoing, Settled Claims also include any and all claims, rights, demands, causes of action, or suits arising out of, relating to, or in connection with the Settlement or the defense or resolution of the Action against the Released Parties (including Unknown Claims), except claims to enforce the Settlement or any of its terms.

"Unknown Claims" means (i) any and all Settled Claims that any Plaintiff or Class Member does not know or suspect to exist in his, her or its favor as of the Effective Date, including, without limitation, claims that if known by him, her or it might have affected his, her or its decision(s) to settle with and release the Released Parties or not to object to the Settlement, and (ii) any and all Settled Defendants' Claims which any Settling Defendant does not know or suspect to exist in his favor, including, without limitation, claims that if known by him might have affected his decision with respect to the Settlement.

## **RELEASE**

A.     I hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge each and all "Released Parties" from and of any and all "Settled Claims."

B.     With respect to any and all Settled Claims, I expressly waive (give up) any and all rights or benefits I may now have, or in the future may have, under any law relating to the releases of Unknown Claims, including, without limitation, Section 1542 of the California Civil Code, which provides:

> A general release does not extend to the claims which the creditor does not know or suspect exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

I expressly have waived any and all provisions, rights and benefits conferred by any law or any state or territory of the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance or intent to Section 1542 of the California Civil Code.

C.     This Release shall be of no force and effect unless and until the Court approves the settlement and the settlement becomes effective as to all Defendants or any Released Persons as of the Effective Date (as defined in the Stipulation).

D.     I hereby warrant and represent that I have not assigned, transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this Release.

E.     I hereby warrant and represent that I have included information about all of my transactions in Creditrust common stock which occurred during the Class Period, as well as the number of shares of Creditrust held by me on the close of trading on May 31, 2000.

F.     I certify that I am NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

Note:   If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the word "NOT" in the Certification above.

I hereby certify under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct and that this Proof of Claim form was executed this:

_____ day of _____,
                    (Month)

_____ in _____,
(Year)       (City

_____, _____.
(State)           (Country)

(The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding).

_____
(Signature of Claimant)

_____
(Type or print your name here)

_____
(Signature of Joint Claimant, if any)

_____
(Type or print your name here)

_____
(Capacity of persons signing, e.g., Beneficial Purchaser, Executor of Administrator)

**ACCURATE CLAIMS PROCESSING
TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE**

Reminder Checklist:

1.    Please sign the Proof of Claim and Release.

2.    Remember to attach supporting documentation.

3.    Do not send original or copies of stock certificates.

4.    If you move, please send your new address to the address below.

5.    Please keep a copy of your claim form for your records.

I.    If you have any questions concerning this Proof of Claim, contact the
      Claims Administrator at:

Claims Administrator
Creditrust Securities Litigation
Heffler, Radetich & Saitta, L.L.P.
P.O. Box _____
Philadelphia, PA 19105 - ____
(800) 528-7199
www.hrsclaimsadministration.com
