FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| IN RE CREDITRUST CORPORATION SECURITIES LITIGATION | Civil Action No. MJG 00 CV 2174 |

### [PROPOSED] PRELIMINARY APPROVAL ORDER

Whereas, the Court has reviewed the Stipulation and Agreement of Settlement and its attached exhibits, (the "Stipulation") that has been entered into by the Plaintiffs and the Settling Defendants, and good cause appearing;

**IT IS HEREBY ORDERED** as follows:

1. For purposes of this Order, the Court adopts all defined terms as set forth in the Stipulation.

2. The Court hereby preliminarily approves the Stipulation and the Settlement described therein as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing described below.

3. A hearing (the "Settlement Hearing") will be held before the undersigned on ___May 2___, 2005, at _10_ a.m./p.m. at the United States District Court for the District of Maryland, Garmatz Courthouse, Room 5C 101 West Lombard Street, Baltimore, MD 21201, to determine: (i) whether the proposed Settlement of the Action, including the Plan of Allocation, as set forth in the Stipulation and Notice, should be finally approved as fair, reasonable and adequate, and the Action therefore dismissed on the merits with prejudice, and (ii) whether the application of Plaintiffs' Counsel for an award of Attorneys' Fees and Expenses should be approved. The Court may adjourn or continue the Settlement Hearing without further notice to Class Members.

4. The proposed form of Notice in substantially the same form as attached hereto as Exhibit 1 is hereby approved, and the Court finds that said Notice complies with the requirements of Rule 23(e) and (c)(2) of the Federal Rules of Civil Procedure, the requirements

of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 (a)(7), and the requirements of due process.

5. Subject to the terms of the Stipulation and direction of the Court, the Settlement Escrow Agents are hereby authorized to maintain the already established joint escrow account identified as the Creditrust Settlement Fund, account number 620568619, ABA number 036076150, tax identification number 20-0947455 at Citizens Bank, 2001 Market Street, Philadelphia, PA, 19103, and to retain the firm of Heffler, Radetich & Saitta, LLP as Claims Administrator to supervise and administer the Notice procedure as well as the proving of claims.

6. The Notice, together with the Proof of Claim attached hereto as Exhibit 2 (the "Proof of Claim"), shall be sent to all Class Members who can reasonably be identified, by first-class mail, postage prepaid, on or before February 15, 2005.

7. The Court approves the Summary Notice in substantially the form as attached hereto as Exhibit 3. Within ten (10) days of the mailing of the Notice and Proof of Claim, the Summary Notice shall be published in the national edition of The Wall Street Journal.

8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finds and concludes that the mailing and publication pursuant to paragraphs 6 and 7 hereof constitute the best notice practicable under the circumstances and provide due and sufficient notice of the matters set forth in the Notice to all persons entitled to such Notice; and that said Notice fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of the Private Securities Litigation Reform Act of 1995, 15 U.S.C § 78u-4 (a)(7), and the requirements of due process.

9. Plaintiffs' Counsel shall make reasonable efforts to identify all Class Members, including beneficial owners whose Creditrust stock is held by banks, brokerage firms, or other nominees. Present and past transfer agents of Creditrust and all other persons are ordered to provide reasonable assistance to Plaintiffs' Counsel and the Claims Administrator to enable them to identify Class Members, including providing lists of purchasers of Creditrust stock during the Class Period. Plaintiffs' Counsel shall use reasonable efforts to give notice to nominee owners

such as brokerage firms and other persons or entities who purchased Creditrust common stock during the Class Period. Within ten (10) days of receipt of the Notice, such nominee purchasers are ordered and directed to: (1) forward copies of the Notice and Proof of Claim to their beneficial owners and provide the Claims Administrator with written confirmation that the Notice has been so forwarded, or (2) provide the Claims Administrator with the names and addresses of the beneficial owners, preferably on computer-generated mailing labels, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such beneficial owners. Additional copies of the Notice and Proof of Claim shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notices and Proofs of Claim to beneficial owners.

10. Prior to the date scheduled by this Court for the Settlement Hearing, Plaintiffs' Lead Counsel shall cause to be filed with the Clerk of the Court affidavits or declarations of the person(s) under whose general direction the: (i) mailing of the Notice and Proof of Claim shall have been made; and (ii) the publication of the Summary Notice shall have been made, showing that such mailing and publication have been made in accordance with this Order.

11. In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with all of the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim, substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than ___June 1___, 2005. Such deadline may be further extended by order of this Court. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an Order of the

3

Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Settlement Notice.

(b) The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Plaintiffs' Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all claims as provided in the Stipulation.

12. Any Class Member who wishes to be excluded from the Class must file a Request for Exclusion with the Court, and must submit a copy of the Request for Exclusion to the Claims Administrator, in written form by first class mail no later than __April 1__, 2005. All persons who submit valid and timely Requests for Exclusion in the manner set forth in the Notice shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment. The Claims Administrator shall provide copies of Requests for Exclusion to Plaintiffs' Counsel and Settling Defendants' Counsel, promptly after such Requests are received.

13. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the award of Attorneys' Fees and Expenses only if such comments or objections

4

and any supporting papers are filed in writing with the Clerk of the United States District Court for the District of Maryland, Garmatz Court House, 101 West Lombard Street, Baltimore, MD 21201, on or before ___April 1___, 2005, and copies of all such papers are simultaneously served upon the following: Todd Collins, Esq., Berger & Montague, P.C., 1622 Locust Street, Philadelphia, Pennsylvania 19103 on behalf of Lead Plaintiffs and the Class; Charles Eisen, Esq., Kirkpatrick & Lockhart, LLP, 1800 Massachusetts Avenue, Washington D.C. 20036, on behalf of all defense counsel. Attendance at the Settlement Hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Distribution, and/or the request for Attorneys' Fees and Expenses are required to indicate in their written objection their intention to appear at the Settlement Hearing. Persons who intend to object to the Settlement, the Plan of Distribution, and/or counsel's application for an award of Attorneys' Fees and Expenses, and who desire to present evidence at the Settlement Hearing, must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval. Any Class Member who does not make his, her or its objection in the manner described in this paragraph shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as incorporated in the Stipulation, to the Plan of Allocation, and to the award of Attorneys' Fees and Expenses to Plaintiffs' Counsel, unless otherwise ordered by the Court.

14. Pending the Settlement Hearing, Class Members are enjoined from commencing or prosecuting any claim or action that was or could have been asserted in the Action or arose out of the Settled Claims.

15. Plaintiffs' Counsel shall file their briefs and affidavits in support of the Settlement, the Plan of Allocation, and the application for an award of Attorneys' Fees and Expenses, and responding to any comments or objections on or before ___April 18___,

2005. Copies of all such briefs and affidavits shall, at the time of filing, be served upon Settling Defendants' Counsel and any persons who filed any comments or objections.

16. If: (a) any specified condition to the Settlement set forth in the Stipulation is not satisfied and the satisfaction of such condition is not waived in writing by Plaintiffs' Counsel and Settling Defendants' Counsel; (b) the Court rejects, in any respect, the Order and Final Judgment in substantially the form and content annexed to the Stipulation as Exhibit B and/or Plaintiffs' Counsel and Settling Defendants' Counsel fail to consent to the entry of another form of order in lieu thereof; (c) the Court rejects the Stipulation, including any amendment thereto approved by Plaintiffs' Counsel and Settling Defendants' Counsel; or (d) the Court approves the Stipulation, including any amendment thereto approved by Plaintiffs' Counsel and Settling Defendants' Counsel, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise, then, in any such event, the Stipulation, including any amendments thereof, and this Preliminary Order shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his or its respective position as it existed prior to the execution of the Stipulation.

17. The Court retains exclusive jurisdiction over the Actions to consider all further matters arising out of or connected with the Settlement.

18. The Court may, for good cause, extend any of the deadlines set forth in this order without further notice to the Class Members.

Signed this  28  day of  January , 2005        **BY THE COURT**

_____/s/_____
**Honorable Marvin J. Garbis**
**United States District Court Judge**