# EXHIBIT B

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

In re CREDITRUST CORPORATION : Civil Action No. MJG 00 CV 2174
SECURITIES LITIGATION :
:

**DECLARATION OF MICHAEL ENDRIZZI**

I, Michael Endrizzi, hereby declare the following:

1. I served as one of the class representatives in the above captioned matter.

2. Because I felt it was important to prosecute this matter despite my comparatively small losses, I have been diligent in my efforts on behalf of the class over the last five years. I consulted with attorneys at Berger & Montague, P.C. (the "Berger Firm") concerning developments in the case, reviewed pleadings, provided discovery, participated in the settlement process, and assisted in providing direction of the Action on behalf of the Class.

3. Since the inception of the litigation I have corresponded frequently with attorneys at the Berger firm concerning a variety of issues as they arose. I have diligently reviewed various pleadings and correspondence throughout the case. I responded to defendants' discovery requests, which required substantial time and effort on my part. I have devoted approximately six hours per year to these tasks.

4. I sat for my deposition on December 16, 2002. Prior to the deposition, I spent considerable time retrieving and reviewing relevant documents, conferring with attorneys at the Berger firm about the documents, and preparing with those attorneys for the deposition. This pre-deposition preparation required 16 hours of my time. I traveled by train from my home in Monroe, New York to Baltimore, Maryland to be deposed. The deposition, including travel time, was seventeen hours in duration.

5. Being deposed forced me to miss two days of work as a sergeant in the New York City Police Department. Due to emergency circumstances within the department, both days were to be compensated at my overtime hourly rate of $60 per hour. On Sunday, December 15, 2002, I was scheduled to work a mandatory eight and one half hour shift training recruits. On Monday, December 16, 2002 I was scheduled for a mandatory twelve hour shift in the midst of a transit strike. I was excused from work only because I showed my Notice of Deposition in this case to my commanding officer. I lost $1,230 in overtime wages over the two day period.

6. Including my deposition, I spent at least sixty three hours actively participating in this litigation. My reasonable hourly rate for forty six of those hours is $40, based upon my normal hourly compensation from the New York City Police Department. My reasonable hourly rate for the seventeen hours spent traveling to the deposition and being deposed is $60, based upon my usual overtime compensation. As a result of my services on behalf of the class I lost time that I otherwise would have spent on my job, and therefore I lost out-of-pocket compensation at least equal to $3,070.

I declare, under penalty of perjury, that the foregoing is true and correct.

_____
Michael Endrizzi

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re CREDITRUST CORPORATION SECURITIES LITIGATION : : : | Civil Action No. MJG 00 CV 2174 |

### DECLARATION OF BARRY KIMMELMAN

I, Barry Kimmelman, hereby declare the following:

1. I was appointed and served as Lead Plaintiff in the above captioned matter.

2. I have been diligent in my efforts on behalf of the class over the last five years. I consulted with attorneys at Berger & Montague, P.C. (the "Berger Firm") concerning strategy and developments in the case, reviewed pleadings, provided and analyzed discovery, was deposed, participated in the settlement process, and assisted in providing direction of the Action on behalf of the Class.

3. I was involved in every facet of the litigation since its inception. I carefully reviewed and discussed with attorneys at the Berger firm the various pleadings filed by all parties throughout the case, including, among others, the: (1) Consolidated Amended Class Action Complaint; (2) Motions to Dismiss; (3) Class Certification Motion; and (4) briefs on the defendants' appeal of the Class Certification Order.

4. I also diligently participated in discovery. At counsels' request I spent considerable time retrieving and analyzing relevant documents pertaining to the litigation at various times. I responded to defendants' discovery requests. I also reviewed and discussed with counsel documents provided by defendants and other entities.

5. I sat for my deposition on December 10, 2002. Prior to the deposition, I spent four hours retrieving and reviewing relevant documents, conferring with attorneys at the Berger firm about the documents, and preparing with those attorneys for the deposition. I traveled from Beverly Hills, California to Baltimore, Maryland to be deposed. The deposition, including travel time, was eighteen hours in duration.

6.  I conferred frequently with lawyers at the Berger firm concerning settlement negotiations and strategy throughout the case. These discussions included the final settlement of the matter, as well as the settlement with John Davis.

7.  Including my deposition, I spent at least forty eight hours over the last five years actively participating in this litigation. I earned a Bachelor's Degree and a Master's Degree in Business Administration from Rutgers University. I was an Executive Vice President of Screen Gems Music, a Vice President of Capitol Records, and a Director of Capitol Records Canada. The reasonable hourly rate for my time is $150, based upon my educational background, work experience, and my current occupation as a freelance script writer. As a result of my services on behalf of the class I lost time that I otherwise would have spent on my occupation, and therefore I lost out of pocket compensation at least equal to $7,200.

I declare, under penalty of perjury, that the foregoing is true and correct.

_____
Barry Kimmelman

C:\LssWork\393248.wpd

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

In re CREDITRUST CORPORATION : Civil Action No. MJG 00 CV 2174
SECURITIES LITIGATION :
:

### DECLARATION OF JONATHAN K. MACK

I, Jonathan K. Mack, hereby declare the following:

1. I served as one of the class representatives in the above captioned matter.

2. I have been diligent in my efforts on behalf of the class. I consulted with attorneys at Berger & Montague, P.C. (the "Berger Firm") concerning developments in the case, reviewed pleadings, participated in the settlement process, and assisted in providing direction of the Action on behalf of the Class.

3. I sat for my deposition on December 13, 2002. The deposition, including travel time, was eight hours in duration. I also spent two hours preparing for the deposition with Christopher Nelson, Esq., of the Berger Firm.

4. I consulted with attorneys from the Berger firm on numerous occasions throughout the litigation. These consultations amounted to two hours.

5. Including my deposition, I spent at least twelve hours actively participating in this litigation. My reasonable hourly rate is $25.00, based upon my usual compensation as a salesman. As a result of my services on behalf of the class I lost time that I otherwise would have spent on my job, and therefore I lost out-of-pocket compensation at least equal to $300.00.

_____
Jonathan K. Mack

**SWORN TO AND SUBSCRIBED**

before me this 7th day of April, 2005

_____
**NOTARY PUBLIC**

