UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE CREDITRUST CORPORATION : SECURITIES LITIGATION : | CIVIL ACTION NO. MJG 00 CV2174<br>CLASS ACTION |

## ORDER AND FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE

This matter came on for hearing on May 2, 2005, upon the application of Plaintiffs' Counsel and Settling Defendants' Counsel for approval of the Settlement set forth in the Stipulation and Agreement of Settlement, dated as of January 7, 2005 (the "Stipulation"). Due and adequate notice having been given to the Class defined below, and the Court having considered the Stipulation, all papers filed and proceedings had herein and all objections and comments received regarding the proposed settlement, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Order and Final Judgment of Dismissal With Prejudice (the "Order and Final Judgment"), adopts all defined terms set forth in the Stipulation and incorporates the terms of the Stipulation by reference herein.

2. The Court has jurisdiction over the subject matter of the Action, Plaintiffs, the Class, and Defendants.

3. The Court finds and concludes that the Notice given to the Class was in compliance with this Court's Orders, and that said Notice constituted the best notice practicable under the circumstances and provided due and sufficient notice of the matters set forth therein to all persons entitled to such Notice; and that said Notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of the Private Securities Litigation Reform Act of 1995, 15 U.S.C § 78u-4(a)(7), and the requirements of due process.

4. After hearing and based upon the submissions of Plaintiffs' Counsel, this Court hereby approves the Settlement set forth in the Stipulation, and finds that said Settlement is, in

all respects, fair, reasonable, and adequate to the Class. The Plan of Allocation is also approved as fair, reasonable and adequate, and in the best interests of the Class. The parties to the Stipulation are therefore hereby directed to consummate and perform the terms of Settlement set forth in the Stipulation.

5. Except as to any individual claim of those persons (identified in Exhibit A hereto) who have validly and timely requested exclusion from the Class, the Action and the Settled Claims are dismissed on the merits and with prejudice as to the Plaintiffs and the Class. The parties shall bear their own costs.

6. As of the Effective Date, all Class Members shall conclusively be deemed to have released and forever discharged all Released Parties from all Settled Claims, whether or not such Class Member has filed a Proof of Claim.

7. All Class Members are permanently barred and enjoined from instituting or prosecuting, in any capacity, any action or proceeding that involves or asserts any of the Settled Claims.

8. Upon the Effective Date, each of the Settling Defendants shall be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Settled Defendants' Claims.

9. All Class Members who have submitted valid and timely requests for exclusion from the Class shall not be bound by this Order and Final Judgment. A list of the names of those persons who are not bound by this Order and Final Judgment is attached hereto as Exhibit A.

10. Each party that is or has been a defendant in this case, and any other Person (excluding only members of the Class who opt out), who may assert a claim against the Settling Defendants based upon, relating to or arising out of the Settled Claims, are permanently barred, enjoined and restrained from commencing, prosecuting, or asserting any such claim or claims, however denominated, including without limitation claims for contribution or indemnity, against the Settling Defendants, as claims, cross-claims, counterclaims, or third-party claims in the Action or in any other court, arbitration, administrative agency or forum, or in any other manner,

including but not limited to offset. All such claims are hereby extinguished, discharged, satisfied and unenforceable.

11. Without affecting the finality of this Order and Final Judgment, the Court hereby reserves and retains exclusive and continuing jurisdiction over all matters relating to the administration and effectuation of the Stipulation and Settlement.

12. Pursuant to 15 U.S.C. §78u-4(c)(1), the Court finds that Plaintiffs and Settling Defendants, and their respective counsel, have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to the complaints, responsive pleadings, and dispositive motions filed by them in the Action.

13. Neither the Stipulation, including all exhibits, orders or other documents referred to herein; nor any terms or provision of the Stipulation, including the Plan of Allocation; nor any of the communications, negotiations, mediation, proceedings or documents produced to Plaintiffs in connection with or related to this Stipulation, shall be:

(a) construed as or deemed to be evidence of, or a concession or an admission by any Released Party of, or to give rise to any sort of inference or presumption of: (i) the truth of any fact alleged or the validity of any claim asserted in the Amended Complaint or the Action; (ii) the truth of any fact or claim that has been, ever could have been, or ever could be asserted in the Amended Complaint or the Action; or (iii) any liability, fault, wrongdoing or misconduct of any type by any Released Party with respect to the Amended Complaint or the Action; or

(b) offered or received into evidence in any proceeding or otherwise submitted to, or referred to in, any court, administrative agency, tribunal or other forum as evidence of, or as a concession or admission by any Released Party of, or as giving rise to any sort of inference or presumption of, any fault, misrepresentation or omission in any oral or written statement or any document, report or financial statement issued, filed, approved, examined, reviewed, considered, reported on, or made by any Released Party; or

(c) offered or received into evidence in any proceeding or otherwise submitted to, or referred to in, any court, administrative agency, tribunal or other forum as evidence of, or as a

3

concession or admission by any Released Party of, or as giving rise to any sort of inference or presumption of, any liability, fault or wrongdoing by any Released Party in any civil, criminal, administrative, arbitral or other proceeding but may be referred to in such a proceeding only as may be necessary to consummate or enforce this Stipulation; or

(d) construed by anyone for any purpose whatsoever as a concession or an admission – or as giving rise to any inference or presumption – of any liability, fault, wrongdoing or misconduct of any sort on the part of any Released Party; or

(e) construed as an admission or concession by anyone – or as giving rise to any inference or presumption – that the consideration to be given hereunder represents the amount that could be recovered after trial, or as a release of any person other than the Released Parties; or

(f) construed by anyone for any purpose as a concession or an admission by Plaintiffs in any respect.

14. This Order shall become effective, and the Effective date shall be, July 1, 2005.

DATED: June 27, 2005    BY THE COURT:

/s/
_____
HONORABLE MARVIN J. GARBIS
UNITED STATES DISTRICT COURT JUDGE

394107

PERSONS WHO HAVE VALIDLY AND TIMELY REQUESTED EXCLUSION FROM THE CLASS:

NONE

**EXHIBIT A**