UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE: CREDITRUST CORPORATION SECURITIES LITIGATION | CIVIL ACTION NO. MJG 00 CV 2174 |

**PLAINTIFFS' MOTION FOR AN ORDER TO APPROVE DISTRIBUTION OF THE SETTLEMENT FUND**

In this action, this Court approved a settlement with defendants Joseph K. Rensin and Richard Palmer for $7,500,000.00 ("Settlement"). With respect to this Settlement, plaintiffs, by their counsel, hereby move this Court for entry of the accompanying Order approving distribution of the Settlement Fund to valid claimants, allowing late-filed claims, disallowing rejected claims, and approving settlement administration Costs (the "Distribution Order").

The proposed Distribution Order, if entered by the Court, will:

1. approve the procedures used and actions taken by the claims administrator, Heffler, Radetich & Saitta L.L.P., ("Heffler"), and plaintiffs' counsel for the administration of the Settlement, as described herein and in the Declaration of Edward J. Sincavage, a partner at Heffler, (the "Heffler Declaration"), attached as Exhibit I;

2. approve the valid documented claims, including late-filed claims, listed in the Claimants Listing as of June 30, 2006 (the "Claimants Listing"), which is attached to the Heffler Declaration as Exhibit A (such claimants are referred to herein as "Authorized Claimants", their claims as "Authorized Claims");

3. approve the rejection of the claims set forth in the list of non-payable claims, in the Claimants Listing. Exhibit B to the Heffler Declaration sets forth a recapitulation of payable and non-payable claims;

4. approve the payment of $27,093.14 from the Settlement Fund,[1] with respect to the remaining administrative fees and costs incurred to date and the estimated fees, costs, and federal taxes expected to be incurred to administer the Settlement Fund. See Settlement Fund Analysis attached to Heffler Declaration as Exhibit D;

5. approve the distribution of the balance of the Settlement Fund (the "Net Settlement Fund") to the Authorized Claimants listed on the Claimants Listing attached to the Heffler Declaration. Exhibit D to the Heffler Declaration provides a Settlement Fund Analysis, including all expenses incurred and interest earned as of June 30, 2006;

6. direct that the checks for distribution to the Authorized Claimants shall bear the notation "Non-Negotiable After 180 Days," and that no check shall be negotiated in the Settlement Funds more than 200 days after the date of the check;

7. direct that, 220 days after the initial distribution of the Net Settlement Fund to Authorized Claimants, and after efforts that Heffler deems appropriate to locate Authorized Claimants and to distribute funds to them, plaintiffs' counsel and Heffler shall pay any unclaimed monies remaining in the Net Settlement Fund to discharge any additional administrative expenses,

---

[1] The Settlement Fund is comprised of the $7,500,000 of settlement proceeds deposited in Citizens Bank, plus interest; minus attorneys' fees and costs; plaintiffs' awards paid in accordance with the Court's Orders of June 27, 2005; settlement administration expenses; and taxes. As of June 30, 2006, the estimated Net Settlement Fund was $5,128,550.14. Exhibit D.

with the remainder to be distributed to a charitable non-profit organization, which distribution shall be in the public interest;

        8.    allow Heffler to destroy claim forms, along with all related correspondence, 365 days after the initial distribution of the Net Settlement Fund to Authorized Claimants, while retaining the Claimants Listings and the computer database (compiled from the claim forms and related correspondence) for a period of three years after the initial distribution to Authorized Claimants; and

        9.    release and discharge Heffler, plaintiffs, plaintiffs' counsel, and all others involved in the claim process from all claims arising out of such involvement. All Class members and claimants, whether or not they received payments, will be barred from making any further claims against the Settlement Funds or the persons released.

Dated July 28, 2006

Respectfully submitted,

**TYDINGS & ROSENBERG, LLP**
Lawrence J. Quinn, Esq., Fed. Bar No. 07545
100 East Pratt Street, 26th Floor
Baltimore, MD 21202
(410) 752-9700

Liaison Counsel for Plaintiffs and the Class

**BERGER & MONTAGUE, P.C.**

_/s/ Elizabeth W. Fox_
Todd S. Collins (TC-5914)
Elizabeth W. Fox
Neil F. Mara
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000

Co-Lead Counsel for Plaintiffs and the Class

## CERTIFICATE OF SERVICE

I certify that the following documents were served on Defendants' counsel listed below by regular mail, postage prepaid: (1) Plaintiffs' Motion for an Order to Approve Distribution of Settlement Funds; (2) Memorandum of Law in Support of Plaintiffs' Motion; (3) [Proposed] Order Approving Plaintiffs' Motion/ and (4) Declaration of Heffler, Radetich & Saitta LLP in Support of Plaintiffs' Motion.

    Charles Eisen, Esquire
    Nicholas Terris, Esquire
    Kirkpatrick & Lockhart LLP
    1800 Massachusetts Avenue, N.W.
    Suite 200
    Washington, D.C. 20036

    Stephen McNabb, Esquire
    Fulbright & Jaworski LLP
    801 Pennsylvania Avenue, N.W.
    Washington, D.C. 20004

Dated: July 28, 2006                    /S/ Eileen Losaw
                                            Eileen Losaw