FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2006 AUG 17  P 3: 51

CLERK'S OFFICE

BY _____ DEPUTY

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

IN RE: CREDITRUST CORPORATION : CIVIL ACTION NO.:
SECURITIES LITIGATION : MJG 00 CV 2174

## [PROPOSED] ORDER TO APPROVE DISTRIBUTION OF THE SETTLEMENT FUND

AND NOW, this 17 day of August, 2006, on consideration of Plaintiffs' Motion for an Order to Approve Distribution of The Settlement Fund (the "Distribution Motion"); and on consideration of the Settlement Agreement that the Court approved with respect to the settlement with defendants, it is hereby ORDERED as follows:

1. The procedures used and actions taken by the claims administrator, Heffler, Radetich & Saitta L.L.P. ("Heffler"), and plaintiffs' counsel for the administration of the Settlement are hereby adjudged to have been proper and complete. The Court hereby approves the administrative determinations of Heffler in accepting and rejecting claims filed in this matter.

2. The Court hereby approves the valid, documented claims listed in the Claimants Listing as of July 14, 2006, which is attached as Exhibit A to the Declaration of Edward J. Sincavage, a partner of Heffler (the "Heffler Declaration") (attached as Exhibit I). The approved claims, as contained in the Claimants Listing, include both timely filed and late filed claims (the "Authorized Claims").

3. The Court hereby affirms Heffler's rejection of the claims set forth in the list of Non-Payable Claims, attached to the Heffler Declaration as part of the Claimants Listing.

4. The Court also approves payment from the Settlement Funds of both unpaid and expected future costs of claims administration, including costs to be incurred for distribution and

post-distribution services by Heffler, and for Federal Income Taxes as shown on Exhibits C and D to the Heffler Declaration. The total of fees and expenses described above is $27,093.14.

5. The Court approves the Settlement Fund Analysis as shown on Exhibit D to the Heffler Declaration.

6. Plaintiffs' counsel are directed to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to the Authorized Claimants listed on the Claimants Listing, in accordance with the plan of allocation as approved by the Court in its June 27, 2005 Order. Each Authorized Claimant shall receive his/her/its pro rata share of the Net Settlement Fund calculated by Heffler, based on Heffler's calculation of recognized losses.

7. The Court directs that the checks for distribution to the Authorized Claimants shall bear the notation "Non-Negotiable After 180 Days," and that no check shall be negotiated in the Settlement Fund more than 200 days after the date of the check.

8. The Court directs that, 220 days after the initial distribution of the Net Settlement Fund to Authorized Claimants, and after efforts that Heffler determines to be appropriate to locate Authorized Claimants and to distribute funds to them, it will be appropriate to distribute any unclaimed monies remaining in the Net Settlement Fund to pay any additional administrative expenses, with the remainder to be distributed to a non-profit charitable organization. Such distribution shall be in the public interest.

9. The Court also finds that, 365 days after the initial distribution of the Net Settlement Fund to Authorized Claimants, it will be appropriate for Heffler to destroy all claim forms and related correspondence. Heffler shall, however, retain all administrative records, including copies

of the Claimants Listing and the computer database used to create the Claimants Listing, for a period of three (3) years after the initial distribution of the Net Settlement Fund to Authorized Claimants.

10.   Heffler, plaintiffs, plaintiffs' counsel and all other persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proof of Claim forms are released and discharged from all claims arising out of such involvement (the "released persons"). All Class members and claimants, whether or not they receive payment from the Settlement Fund, are barred from making any further claims against the Settlement Fund or the released persons beyond the amount allocated to them by Heffler pursuant to this Order.

Dated: __August 17,__, 2006

_____/s/_____
Honorable Marvin Garbis
United States District Judge

407491_02.wpd

3